# JERRY LEMAR JENNINGS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6814

July 3, 1973                    511 P.2d 1048

*Morgan D. Harris,* Public Defender, *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, State of Nevada; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, BATJER, J.:

On April 8, 1969, the appellant, Jerry Lemar Jennings, acting as the gunman participated in the armed robbery of an establishment known as Gabe's Bar located in North Las Vegas, Nevada. Jennings and his accomplice ordered the patrons to lie face down on the barroom floor with the threat "Lie down or I'll kill you." Then they proceeded to rifle the cash register and to lift wallets and extract currency from the prone victims. Police officers arrived at the scene while the armed robbery was in progress. Discretion prompted Jennings to drop the loaded pistol, upon orders from a policeman, with a drawn weapon.

After his arrest the appellant was admitted to bail and later pleaded guilty to robbery (NRS 200.380). Thereafter he was sentenced to a 10-year suspended prison term and placed on four years probation.

As a routine condition of probation the district court required of him that: "You shall not use, purchase, possess, give, sell or administer any narcotic drugs, nor any dangerous drugs, unless first prescribed by a licensed physician." At the time of sentencing, the district court was aware that Jennings had "tried" narcotics. However, he indicated he could overcome the problem. As another condition of probation the district court ordered: "You shall comply with all municipal, county, state and federal laws, ordinances and orders and to conduct yourself as a good citizen."

Immediately after granting the appellant probation the court continued his custody for a brief period because a urinalysis revealed a trace of narcotics. He was subsequently released on probation and three months later he was again brought before the trial judge on drug related charges. Finally, eight months after sentencing, the trial judge revoked probation because the appellant had continued to violate its terms. At the revocation hearing the appellant admitted extensive drug use and indicated that because of his addiction he would likely be unable to hold a job. This appeal is from the order revoking probation and enforcing the execution of a sentence previously imposed.

The appellant contends that the district judge who granted

probation knew that he was addicted to narcotics and therefore it was error to order as a condition of probation that he refrain from the use, purchase and possession of any narcotic drug unless first prescribed by a licensed physician. He further urges that the imposition of an unreasonable condition followed by a revocation for a predictable failure to comply with such a condition was an error of constitutional magnitude.

In granting probation a trial judge must be guided by the presentence probation report. Jennings told the parole-probation officer who conducted the interview that he had used marijuana approximately ten times in the space of two years and tried heroin once in 1970. During probation he took no affirmative steps whatsoever to receive any medical help or other services to aid him in conquering his problem with narcotics and to become rehabilitated. Instead, while the probation officers, public defender, deputy district attorney and the district judge were all exerting a considerable degree of effort to aid Jennings he was, with calculated deceit and deception, continually and purposefully violating the laws of this state (NRS 453.330) and the terms of his probation. Now, relying upon his calculated deceit, he claims that the trial judge knew at the time of sentencing that he was a narcotics addict and that the judge decreed an impossible condition of probation.

In support of his position the appellant relies heavily upon Sweeney v. United States, 353 F.2d 10 (7th Cir. 1965), where it was held to be unreasonable to forbid an alcoholic to drink as a condition of probation. The Oregon Supreme Court in Sobota v. Williard, 427 P.2d 758 (1967), and the Minnesota Supreme Court in Upchurch v. State, 184 N.W.2d 607 (1971), chose not to follow the Sweeney case. In each of those cases the substance involved was alcohol. The possession and use of alcohol was not in those jurisdictions, nor is it here, illegal *per se*. Under oath Jennings admitted that from approximately mid-September 1971 until the first week in October 1971, he was injecting into his body one or more doses of heroin per day. By these admissions he concedes felonious activity. Before he injected himself he was in physical possession of a prohibited narcotic and on each of those occasions violated the laws of this state. NRS 453.210 and NRS 453.330.[1] In *Sweeney,* when probation was granted, the federal district court knew

---

[1]On the dates involved heroin was classified as a proscribed narcotic. Since January 1, 1972, heroin has been classified as a proscribed controlled substance (NRS 453.161(3)(j) and NRS 453.336). See Stats. of Nev. 1971, ch. 667, p. 1999 et seq.

Sweeney's history of chronic alcoholism and had indications of its pathological nature. Here the trial court was lead by Jennings to believe that he had been an infrequent user of marijuana and had only once before tried heroin.

The requirements of due process in general apply to probation revocations. In Morrissey v. Brewer, 408 U.S. 471 (1972),[2] the United States Supreme Court quoting from Graham v. Richardson, 403 U.S. 365 (1971), wrote: "[T]his Court now has rejected the concept that constitutional rights turn upon whether a governmental benefit is characterized as a 'right' or as a 'privilege.' " 408 U.S. at 481.

In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756 (1973), the High Court pointed out: "There [Morrissey v. Brewer, 408 U.S. 471 (1972)] we held that the revocation of parole is not a part of a criminal prosecution. 'Parole arises after the end of the criminal prosecution, including imposition of sentence. . . . Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.' 408 U.S., at 480."

The condition of probation which the appellant contends to be cruel and unusual punishment is nothing more than a requirement that he obey the laws of this state. It is a violation of our laws to use, purchase, possess, give, sell or administer any narcotic drugs, or any dangerous drugs, unless first prescribed by a licensed physician. NRS ch. 453. Requiring a convicted felon as a condition of his probation to obey the existing law is not cruel and unusual punishment proscribed by the United States Constitution, Amend. VIII, and the Constitution of Nevada, Art. 1, sec. 6. Cf. Springer v. United States, 148 F.2d 411 (9th Cir. 1945).

Society as well as the probationer has a keen interest in his restoration to a "normal and useful life within the law" and that he be treated with basic fairness. Morrissey v. Brewer, supra.

[2]Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756 (1973), held that *Morrissey v. Brewer* is applicable to probation revocation and in footnote No. 4 of *Gagnon* the High Court noted: "It is clear at least after *Morrissey v. Brewer, supra,* that a probationer can no longer be denied due process, in reliance on the dictum of *Escoe v. Zerbst,* 295 U.S. 490, 492 (1935), that probation is an 'act of grace.' "

In the exercise of its discretion the district court balanced the respective interest involved and was properly guided by the considerations for public safety as well as the rehabilitation of the appellant. The totality of the circumstances required revocation. State v. Montgomery, 474 P.2d 780 (Ore. 1970); State v. Frye, 465 P.2d 736 (Ore. 1970); People v. Brown, 342 P.2d 410 (Cal.App. 1959). Contrary to the appellant's allegations, he is not being punished for drug addiction, but instead he is being punished as a convicted robber.

The order of the district court is affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.