RICHARDS *v.* GOLD CIRCLE STORES, DIVISION OF FEDERATED DEPARTMENT STORES, INC., APPELLANT, ET AL.; SIX INDUSTRIES, INC. ET AL., APPELLEES.

(No. 85AP-274 — Decided February 4, 1986.)

*Gayton, Tilton & Endres, Charles W. Gayton* and *John Wile,* for Daniel R. Richards.

*Knepper, White, Arter & Hadden, Louis E. Gerber* and *Judith E. Trail,* for Gold Circle Stores.

*Porter, Wright, Morris & Arthur* and *Craig D. Barclay,* for Columbia Gas.

*Robert E. Frost & Associates, Robert E. Frost* and *Thomas J. Broschak,* for Six Industries, Inc. et al.

WHITESIDE, J. Defendant and third-party plaintiff, Gold Circle Stores, appeals from a judgment of the Franklin County Court of Common Pleas finding its third-party claim against Six Industries, Inc. to be barred by R.C. 2305.131, even though predicated upon an express contract of indemnity. The trial court made requisite Civ. R. 54(B) findings. In support of its appeal, Gold Circle raises two assignments of error as follows:

"1. The lower court erred in sustaining the motion of * * * third-party defendant Six Industries, Inc. for summary judgment on the basis that the claim against it was barred by the ten-year statute of limitations imposed by Ohio Revised Code Section 2305.131.

"2. The lower court erred in failing

to find that application of Ohio Revised Code Section 2305.131 to defendant Gold Circle Stores' claim for indemnification violated Article I, § 10 of the United States Constitution and Article II, § 28 of the Ohio Constitution."

Plaintiff brought this action against Gold Circle and others in 1982, seeking to recover damages for personal injury allegedly received in an explosion on Gold Circle's premises. Gold Circle filed a third-party complaint against Six Industries, Inc., seeking indemnification pursuant to a provision of a construction contract, under which Six Industries had contracted to construct structures on Gold Circle's premises, allegedly including the facility causing the explosion, which apparently actually was constructed by a subcontractor.

It is undisputed that the contract between Gold Circle and Six Industries for construction was completed in 1969, that plaintiff Richards was injured in 1981 and that he brought this action in 1982. Six Industries contends, and the trial court found, that Gold Circle's claim is barred by the provisions of R.C. 2305.131, as amended in 1971, which provides as follows:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement

constitutes the proximate cause of the injury or damage for which the action is brought."

Six Industries and the trial court take the simplistic approach that, since R.C. 2305.131 provides that an action for indemnity for damages sustained as a result of injury to property, bodily injury or wrongful death, arising out of defective and unsafe conditions of an improvement to real property, cannot be brought against a person performing services for construction of such improvement more than ten years after performance of such service and construction, Gold Circle's claim is barred, because it arose more than ten years after performance of the construction.

Gold Circle, on the other hand, contends that R.C. 2305.131 is limited in its application to tort actions and to actions for common-law indemnity and, accordingly, has no application to express contracts of indemnity.

The 1969 contract between Gold Circle and Six Industries contains a provision that Six Industries shall indemnify and hold harmless Gold Circle against all claims, damages, losses and expenses, including attorney fees, arising out of or resulting from the performance of the work attributable to bodily injury caused in whole or in part by any negligent act or omission of Six Industries or of its subcontractors. Gold Circle contends that this action is predicated upon breach of that contractual obligation by Six Industries with respect to plaintiff Richards' claim and, thus, the controlling statute of limitations is the fifteen-year limitation of R.C. 2305.06, which provides as follows:

"Except as provided in section 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

As held in the second paragraph of the syllabus of *Travelers Indemnity Co.*

v. *Trowbridge* (1975), 41 Ohio St. 2d 11 [70 O.O.2d 6]:

"* * * Indemnity * * * arises from contract, express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement."

Accordingly, whether common-law indemnity or an express contract of indemnity be involved, it arises from contract, not tort, even though the underlying action or claim giving rise to the right to indemnity is a tort action. Thus, the reference in R.C. 2305.131 to indemnity necessarily refers to a claim arising from contract. The issue before us, however, is whether R.C. 2305.131 is limited in its application to common-law indemnity, that is, indemnity arising from an implied contract.

Gold Circle relies upon several cases holding that R.C. 2305.131 applies only to actions in tort and not to actions upon contract, including *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 283; *Kocisko* v. *Charles Shutrump & Sons Co.* (Jan. 24, 1985), Mahoning App. No. 83 C.A. 88, unreported, affirmed (1986), 21 Ohio St. 3d 98; and *Matia* v. *Jaffe* (Jan. 29, 1981), Cuyahoga App. No. 42414, unreported. However, none of these cases involved a claim for indemnity. In *Elliott* v. *Fosdick & Hilmer, Inc.* (1983), 9 Ohio App. 3d 309, R.C. 2305.131 was held not to be a bar to a claim by an employee of the owner for personal injuries resulting from alleged post-construction negligence by a contractor where the injury occurred more than ten years after construction.

In a prior appeal in this case involving a cross-claim against a subcontractor of Six Industries, this court found Gold Circle's claim for common-law indemnity to be barred by R.C. 2305.131, stating: "[T]he provisions of R.C. 2305.131 clearly apply as to the cause of action brought by Gold Circle against Conie [the subcontractor] on the theory of indemnity arising out of an implied contract * * * ." *Richards* v. *Gold Circle Stores* (Oct. 27, 1983), No. 83AP-367, unreported, at 3. However, we specifically noted: "We do not decide whether R.C. 2305.131 applies to any cause of action which Gold Circle may have based upon an express written contract for indemnity or contribution," *id.*, which is the issue presented by this appeal.

Although *Matia, supra,* was not determined upon the basis of a claim for indemnity or application of R.C. 2305.131, the court in that case did note that:

"The trial court determined that the Jaffes' cause of action against Friedman is a claim on a written contract governed by R.C. § 2305.06 and not by R.C. § 2305.131. The court, therefore, held that the third-party complaint against Friedman is not barred by R.C. § 2305.131." *Id.* at 2.

That issue, however, was not reviewed on appeal. Other than this, neither party suggests any case which has determined the precise issue before us, namely, whether statutes like R.C. 2305.131 are applicable to an express contract of indemnity.

Since submission of this appeal, the Supreme Court has resolved the issue of whether application of R.C. 2305.131 is limited to tort actions, stating in the syllabus of *Kocisko* v. *Charles Shutrump & Sons Co.* (1986), 21 Ohio St. 3d 98, that:

"R.C. 2305.131 applies only to actions which sound in tort. Actions in contract continue to be governed by the fifteen-year statute of limitations found in R.C. 2305.06."

In the opinion at 99, it is explained that:

" * * * The language selected by the General Assembly is uniformly used to describe tortious conduct. For example, the statute's use of the terms 'defective' *and* 'unsafe' to describe the improvements at issue distinguish the actions

contemplated within the statute from warranty or other contractual claims. * * * [Emphasis *sic*.]

" * * * Torts arise from the breach of certain duties of conduct that are imposed by law for the protection of all persons within range of the harm or injury proximately resulting from such breach. Contractual duties, on the other hand, arise from the specific agreement of the parties to the contract."

*Kocisko,* however, like the other cases cited *supra,* did not involve a claim of indemnity and does not directly resolve the issue before us.

R.C. 2305.131 is not a typical statute of limitations, that is, it does not bar a remedy with respect to a particular accrued cause of action after elapse of a specified period but, instead, bars the creation of a cause of action resulting from negligent conduct ten years after the negligence was committed. More appropriately, R.C. 2305.131 could be referred to as a statute of repose or a statute of nullification since it not only bars a remedy with respect to accrued claims but also bars the accrual of any additional claims after expiration of the specified period. The exact barring language of R.C. 2305.131 refers to "any action for contribution or indemnity for damages sustained as a result of said injury," which refers back to the early provision of the statute, "injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property * * *." The period of limitation is "ten years after the performance or furnishing of such services and construction," regardless of when the injury occurred. Thus, in this case, the ten-year limitation ended in 1979, two years before the injury to plaintiff occurred in 1981.

R.C. 2305.131 was originally enacted in 1963 and applied only to architects and engineers. It subsequently was amended in 1971 (see 134 Ohio Laws, Part I, 530), two years after the construction of the improvement in question, to include contractors. At the same time, the words "actions against" were added to the last sentence, which previously read: "This limitation does not apply to any person in actual possession and control * * *." Gold Circle, however, is a person (corporation) in actual possession and control, as owner or otherwise, of the improvement at the time the defective and unsafe condition constituted the proximate cause of injury to plaintiff.

Like the Supreme Court, we find nothing in R.C. 2305.131 indicating an intent to bar claims for breach of contract by the owner of the improvement ten years after such construction. We find nothing in R.C. 2305.131 inconsistent with application of R.C. 2305.06 with respect to breaches of contract. Since an ordinary claim for contribution or indemnity is a common-law action, except to the extent a right is created by statute, it necessarily follows that the legislative intent was to bar such common-law action for indemnity. We find no indication of an intent, however, to bar a claim for breach of an express written contract merely because the contract which was breached was one for indemnity. In fact, the contractual claim is broader than the common-law claim of indemnity since the contractual provision not only required Six Industries to indemnify Gold Circle but also required it to hold Gold Circle harmless from any claim. Such provision, as is expressly indicated in the contract, extends not only to claims predicated upon negligence of the contractor himself but also to claims predicated upon negligence of any subcontractor.

In short, an express written contract of indemnity may be much broader in scope than common-law indemnity. As noted in *Trowbridge, supra,* common-law indemnity exists most com-

monly where a person is chargeable with another's wrongful act and pays damages to the injured party as a result thereof. Thus, common-law indemnity might well exist under the circumstances of this case and would be barred. However, the parties entered into an express contract of indemnity, which requires Six Industries to indemnify and hold harmless Gold Circle, regardless of whether a common-law right of indemnity might exist. Since Gold Circle is attempting to enforce an express contractual right of indemnity arising from a written contract, we see no reason to treat a breach of that contract any differently from any other breach of the contract merely because the contractual right conferred, presumably for a valuable consideration, is a right of indemnity. Nor do we find anything in R.C. 2305.131 indicating that it applies to breach of express written contracts of indemnity. Although the statute could have expressly exempted such written contracts of indemnity, it also could have expressly included them, if that were the legislative intent.

To hold otherwise would enable Six Industries to avoid the contractual obligation of indemnity, which it undertook when it executed the contract in question, by virtue of a statute enacted subsequent to the execution of the contract. Since, ordinarily, statutes of limitations may be waived, it is at least arguable that an express written contract of indemnity could provide that it would be applicable notwithstanding R.C. 2305.131. However, we find no such exception necessary even if valid, since we hold that R.C. 2305.131 does not apply to express written contracts of indemnity but, instead, has application only to common-law and statutory actions for contribution or indemnity.

Although in this case Gold Circle might have had a common-law remedy of indemnity under the circumstances, this is not a necessary prerequisite for creation of an express written contract of indemnity. Although not yet established, it appears that Gold Circle might not have had a common-law remedy of indemnity against Six Industries, but, instead, that any common-law remedy might have been assertable only against the subcontractor, which was the subject of the prior appeal. Since an express written contract of indemnity may require indemnification with respect to a situation where no common-law remedy would exist, the language of R.C. 2305.131 does not in this situation apply. As noted above, Six Industries agreed to indemnify Gold Circle against liability for injuries caused by a negligent act or omission of one of its subcontractors, as well as its own negligent acts or omissions. Here, Gold Circle seeks indemnification from Six Industries because of negligence of its subcontractors.

Turning specifically to the assignments of error, we find the first assignment of error to be well-taken in that the trial court erroneously applied R.C. 2305.131 to an express written contract of indemnity.

However, the second assignment of error is not well-taken. Although there may be some merit to Gold Circle's argument that, if the 1971 amendment to R.C. 2305.131 would apply to the 1969 contract of indemnification between Gold Circle and Six Industries, such act would constitute an impairment of the obligation of the 1969 contract, it is unnecessary for us to resolve that issue since it has no application here. As we have held in connection with the first assignment of error, R.C. 2305.131 does not apply to express written contracts of indemnity and, thus, in no way could be construed as impairing the obligation of such an express written contract of indemnity entered into prior to the amendment of the statute making it applicable to construction contractors.

For the foregoing reasons, the first assignment of error is sustained, and the

second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY, P.J., and STERN, J., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.