CATHERINE GOMES *vs.* PAN AMERICAN ASSOCIATES; THE
LAW COMPANY, INC., third-party defendant.

Hampden. January 8, 1990. - February 14, 1990.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Repose, Statute of. Contract*, Construction contract, Indemnity. *Indemnity.*

General Laws c. 260, § 2B, a statute of repose applicable to tort actions
   arising out of negligent design of improvements to real property, did not
   operate to bar a third-party claim brought by a property owner against
   an architect based on a contract of indemnification. [647-648]

CIVIL ACTION commenced in the Superior Court Depart-
ment on August 20, 1986.

The case was heard by *Mel L. Greenberg*, J., on a motion
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*John J. McGivney* (*Ann M. Donovan* with him) for Pan
American Associates.

*James M. Hannifan* for The Law Company, Inc.

NOLAN, J. The plaintiff, Catherine Gomes, brought an ac-
tion sounding in negligence against Pan American Associates
(Pan Am) because she fell and injured herself on premises (a
shopping mall) owned by Pan Am. Pan Am impleaded, as a
third-party defendant, The Law Company, Inc. (Lawco), the
architect that designed the mall in which the plaintiff fell
and with which Pan Am had a contract of indemnification.
Lawco's motion for summary judgment in its favor based on
a statute of repose, G. L. c. 260, § 2B (1988 ed.), was al-
lowed. We reverse.

The issue is whether the statute of repose bars a third-
party action based entirely on an express indemnification.

We decide that § 2B does not bar an action founded on an indemnification agreement of the type in this case.[1]

General Laws c. 260, § 2B, provides in part that an "*[a]ction of tort for damages* arising out of any deficiency or neglect in the design, planning . . . of an improvement to real property . . . shall be commenced," no more than six years "after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement" (emphasis supplied). Without dispute, the instant action was commenced beyond the six-year period and clearly it is barred if § 2B reaches the third-party action based, as it is, on an express agreement of indemnification.

It is settled that a motion for summary judgment should be allowed if there is no genuine issue of material fact and if the moving party is entitled to judgment. Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974).

The gist of Pan Am's action is essentially contractual — the enforcement of a contract of indemnification. The language of the indemnification provision is overwhelmingly contractual. The language of § 2B is exclusively directed to tort actions. In *Klein* v. *Catalano*, 386 Mass. 701, 718 (1982), we left no doubt that § 2B "expressly provides a limitation only for actions of tort" and "does not apply to contract actions." See *Anthony's Pier Four, Inc.* v. *Crandall Dry Dock Engineers, Inc.*, 396 Mass. 818, 822 (1986).

The parties freely and intelligently entered into a contract of indemnification. They should be held to it.

*Judgment reversed.*

---

[1]The material portion of the agreement is as follows: "26. Indemnification. The Contractor [Lawco] shall indemnify and hold harmless the Owner [Pan Am] from and against any and all costs, loss and expense, liability, damages, settlements, or claims for damages (including attorneys' fees and costs for defending any action) suffered, incurred or arising from: . . .

"26.4 Injury to persons (including death) or damage to or destruction of property, including property of the Owner, arising or resulting from the work provided for or performed under the contract, or from any actual or alleged act, omission or negligence of the Contractor, subcontractors and its or their agents or employees."