STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF TRANSPORTATION, APPELLANT, *v.* CENTRAL TELE-PHONE COMPANY OF NEVADA, RESPONDENT.

No. 21201

December 20, 1991                                   822 P.2d 1108

---

[9]The Honorable Carl J. Christensen, Judge of the Eighth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE ROBERT E. ROSE, Justice. Nev. Const., art. 6, § 4.

*Frankie Sue Del Papa*, Attorney General, and *Roger D. Comstock*, Deputy Attorney General, Carson City, for Appellant.

*Lefebvre, Barron & Oakes* and *Thomas J. Vivone*, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The Nevada Department of Transportation (NDOT) agreed to issue Central Telephone Company of Nevada (CENTEL) a revocable encroachment permit in 1966. The permit allowed CENTEL to install an underground conduit beneath the intersection of Las Vegas Boulevard and Desert Inn Road. In exchange for the permit, CENTEL agreed to indemnify NDOT from any personal injury liability arising from CENTEL's actions. CENTEL was to indemnify for any injury or damage directly resulting from exercise of the permit (not limited to negligence). CENTEL substantially completed the project by 1968.

In 1984, a pedestrian tripped and fell on the pavement over the area where CENTEL had installed the conduit. The pedestrian sued NDOT, and NDOT cross-claimed against CENTEL to enforce the indemnity agreement. CENTEL successfully sought

summary judgment based upon Nevada's statutes of repose. Having concluded that summary judgment was unwarranted, we reverse.

## FACTS

In 1966, NDOT issued a revocable encroachment permit to CENTEL. The permit allowed CENTEL to excavate and install an underground conduit for KLAS-TV beneath the intersection of Desert Inn Road and U.S. Highway 91 (Las Vegas Boulevard).

A significant provision of the permit, critical to the resolution of this appeal, is an indemnity agreement between NDOT and CENTEL. The provision reads:

> The Permittee [CENTEL] shall indemnify the State of Nevada and save it harmless from and against any liability for injury to person or damage to property, whether said property may belong to the State or to third parties to which injury or damage is sustained by reason of any cause directly resulting from the exercise of the privilege herein granted.
>
> The Permittee shall make any and all repairs to the installed underground conduit by authority given in this permit as soon as the need therefore arises, and shall at all times maintain said underground conduit in good and *safe* condition.

(Emphasis added.) CENTEL substantially completed the project no later than 1968.

In 1984, Helen Stolfi fell at the pedestrian crosswalk on Desert Inn Road. She tripped on a patch of depressed pavement exactly above the place where CENTEL had installed the conduit in 1966.[1]

Mrs. Stolfi and her husband sued NDOT on October 22, 1986, and later amended their complaint to include CENTEL as a party defendant. NDOT, citing its rights of indemnity under the revocable permit, tendered the defense of the action to CENTEL. CENTEL refused, contending that the permit did not impose an obligation on CENTEL to maintain the surface of the roadway. NDOT thereafter cross-claimed against CENTEL, asserting its entitlement to contractual and implied indemnity.

CENTEL moved for summary judgment on grounds that the Nevada statutes of repose precluded NDOT's cross-claim, because NDOT was seeking relief 19 years after CENTEL had substantially completed installation of the conduit. The trial court agreed and entered summary judgment against NDOT.

---

[1]CENTEL does not admit she tripped on the exact area, but it claims this point is irrelevant on appeal.

## DISCUSSION

It is elementary that:

> Summary judgment is appropriate only when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact remains for trial. [Citations omitted.] In determining whether summary judgment is proper, the non-moving party is entitled to have the evidence and all reasonable inferences accepted as true.

Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989).

Summary judgment was improper for at least two reasons. First, there is a genuine issue of material fact as to whether CENTEL had a duty to maintain the right-of-way in a safe condition. Second, even if CENTEL had no duty of maintenance, a claim of immunity attributable to statutes of repose is unavailing.

Nevada's statutes of repose prohibit actions against "the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property" if commenced after specific periods of time. NRS 11.203-.205. The statutes protect only those defendants falling within one of the listed categories.

The permit issued in this case burdens CENTEL with the obligation of repairing the underground conduit, and maintaining it in "good and safe condition." The obligation is ongoing and unconfined to a period of time specified in the revocable encroachment permit. Moreover, we question, without presently deciding, whether the statutes of repose may be read so broadly as to afford protection to parties charged with the basic duties of repair or maintenance of a right-of-way. It is therefore questionable whether CENTEL even qualifies for the protection afforded by the statutes of repose.

Furthermore, the agreement between CENTEL and NDOT was one of indemnity. CENTEL's duty of performance does not arise until an event occurs that actuates the provision for indemnification. This type of contract is not covered by the statute.

CENTEL cannot successfully assert as a matter of law that it did not have a duty of repair or maintenance, because the language of the encroachment permit provides otherwise. Therefore, under the ongoing obligation contained in the permit, CENTEL's only apparent avenue of avoiding the continuing responsibility to maintain would be through the presentation of evidence of an amendment to the permit that would alter or modify its obliga-

tions. Accordingly, there is at the very least a genuine issue of material fact on the point. *Wiltsie,* 105 Nev. at 292, 774 P.2d at 433. On summary judgment, NDOT was entitled to have all inferences drawn in its favor, including the inference that, barring evidence to the contrary, CENTEL owed a duty to repair and maintain the intersection. Therefore, summary judgment was inappropriate.

Moreover, CENTEL's obligation to indemnify the State of Nevada is unaffected by the statutes of repose because it is coextensive with the period of the encroachment authorized by the permit. If, in fact, Helen Stolfi's injuries were caused by CENTEL's failure to maintain a safe and solid surface directly above its conduit, and the evidence reveals that the unsafe condition resulted from the presence or installation of the conduit, NDOT, if found liable for damages, would be entitled to indemnification from CENTEL. Under such circumstances it would not be relevant whether CENTEL could be viewed under the statutes of repose as having designed, planned, supervised or observed the construction of the right-of-way. Equally irrelevant would be the issue of whether CENTEL's installation of the conduit would qualify as an improvement to real property.

In view of our ruling, we reverse the summary judgment entered below, and remand this case for further proceedings consistent with this opinion.