**SOUTH DEARBORN SCHOOL BUILDING CORPORATION, Appellant–Defendant,**

v.

**Bradley DUERSTOCK and Marvin and Sabra Duerstock, Appellees–Plaintiffs,**

**and Bruns–Gutzwiller, Inc., Appellee (Third–Party Defendant below).**

**Bradley DUERSTOCK and Marvin and Sabra Duerstock, Cross–Appellants (Plaintiffs Below),**

v.

**BRUNS–GUTZWILLER, INC. and James Architects & Engineers, Inc., Cross–Appellees (Defendants Below).**

**No. 69A05–9203–CV–88.**

Court of Appeals of Indiana, Fifth District.

April 19, 1993.

Reid Nelson, Hume, Smith, Geddes & Green, Indianapolis, for appellant.

John B. Drummy, Elizabeth A. Gamboa, Kightlinger & Gray, Indianapolis, for appellees.

SHARPNACK, Chief Judge.

South Dearborn School Building Corp. (hereinafter "SDSBC") appeals the trial court's denial of the SDSBC's motion for summary judgment in the personal injury action filed by Bradley, Marvin, and Sabra Duerstock. In addition, SDSBC appeals the trial court's entry of summary judgment in favor of Bruns–Gutzwiller, Inc. on SDSBC's indemnification cross-claim. We reverse.

SDSBC brings two issues, which we restate as follows, for our review:

1. Does the statute of repose for deficiencies in improvements to real property bar the Duerstock's right to recover on their claim for Bradley's injuries?

2. Does the statute of repose bar an action for indemnity upon a written contract to provide indemnity?

In its appellee's brief, Bruns–Gutzwiller raises a third issue:

3. Did SDSBC fail to timely file the record of proceedings and thus fail to preserve its right to appeal the decision in favor of Bruns–Gutzwiller?

The Duerstocks have not filed an appellees' brief. Because they have not filed a brief, we may consider the facts contained in SDSBC's brief relating to the denial of summary judgment on the Duerstocks' claim both to be true and sufficient for the resolution of this portion of the appeal. *Xpert Automation Systems v. Vibromatic Co.* (1991), Ind.App., 569 N.E.2d 351, 352; *Johnson County REMC v. Burnell* (1985), Ind.App., 484 N.E.2d 989, 991. With regard to the portion of the appeal dealing with the entry of summary judgment in favor of Bruns–Gutzwiller, we view the facts in the light most favorable to SDSBC because it was the nonmoving party. *Korba v. Trans World Airlines* (1987), Ind. App., 508 N.E.2d 48, 50. With these rules in mind, we now set forth the relevant facts.

SDSBC was formed in 1975 in order to raise funds for the construction of the South Dearborn High School. SDSBC retained title to the school until title was transferred to Fort Wayne National Bank on February 12, 1976. During the time

that it retained title, SDSBC never had actual physical possession or control of the building.

The firm of James Associates Architects & Engineers, Inc. was retained to design the building and Bruns–Gutzwiller was engaged as the general contractor for the project. The South Dearborn High School project included the construction of a swimming pool. Bruns–Gutzwiller subcontracted the construction of the pool to Chester Products, Inc. The parties disagree as to the date upon which the high school building project was substantially complete; the latest date asserted is October 31, 1978.

On February 3, 1989, Bradley Duerstock was injured when he dove from a swimming starting block located at the shallow end of the pool. The starting blocks had been constructed at the shallow end when the pool was built as part of the high school building project. Bradley and his parents filed suit against a number of defendants, including SDSBC, on June 22, 1990.

The contract between SDSBC and Bruns–Gutzwiller contained the following indemnification clause:

"[Bruns–Gutzwiller] shall indemnify and hold harmless [SDSBC] and the Architect and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of the Work, provided that any such claim, damage, loss or expense (1) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including the loss of use resulting therefrom, and (2) is caused in whole or in part by any act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder."

(Record, p. 255.) After the Duerstocks filed suit against SDSBC and Bruns–Gutzwiller, SDSBC filed a cross-claim against Bruns–Gutzwiller seeking indemnification for any losses that SDSBC might sustain as a result of the Duerstock suit.

We turn now to SDSBC's contention that the trial court erred when it denied summary judgment to SDSBC on the Duerstocks' claims. As we observed earlier, the Duerstocks have not filed a brief to contest the issue. Where the appellees do not file a brief, we possess the discretion to reverse the trial court if the appellant has demonstrated prima facie error. *Xpert*, 569 N.E.2d at 352; *Fisher v. Board of Trustees* (1986), Ind.App., 514 N.E.2d 626, 628. Prima facie error is error which is plain at first sight, on first appearance, or on the face of the argument. *Xpert*, 569 N.E.2d at 352; *Burnell*, 484 N.E.2d at 991.

SDSBC argues that the Duerstocks' claims are barred by our statute of repose for deficiencies in improvements to real property. The statute provides:

"No action to recover damages whether based on contract, tort, nuisance, or otherwise, for:

(a) any deficiency, or alleged deficiency, in the design, planning, supervision, construction, or observation of construction of an improvement to real property;

(b) an injury to property, either real or personal, arising out of any deficiency; or

(c) injury to the person, or for wrongful death, arising out of any such deficiency;

shall be brought against any person who designs, plans, supervises, or observes the construction of an improvement to real property, unless the action is commenced within the earlier of ten (10) years from the date of substantial completion of the improvement or twelve (12) years after the submission of plans and specifications to the owner if the action is for deficiency in design."

Ind.Code § 34–4–20–2. SDSBC asserts that the latest date of substantial completion advanced by any of the parties is October 31, 1978, and that it is undisputed that the Duerstocks did not file their suit until June 22, 1990, nearly twelve years after the date of substantial completion. Thus,

argues SDSBC, I.C. § 34–4–20–2 clearly bars the Duerstocks' suit.

We are persuaded that SDSBC has made a demonstration of prima facie error. The Duerstocks have done nothing to rebut the allegations of error advanced by SDSBC, and we will not presume to create an argument on their behalf to answer SDSBC. *Fisher*, 514 N.E.2d at 628. We therefore reverse the trial court's denial of SDSBC's motion for summary judgment and instruct the trial court to enter judgment on behalf of SDSBC.

■ SDSBC next argues that the trial court erroneously granted its motion for summary judgment on its contractual indemnity claim against Bruns–Gutzwiller. SDSBC asserts that its cross-claim is not an action to recover damages for any deficiency or for injuries to person or property arising out of a deficiency, but is an action to enforce the contractual obligation of Bruns–Gutzwiller to indemnify SDSBC. As such, the cross-claim is an action not covered by the statute of repose. Bruns–Gutzwiller replies that the statute specifically states that it is applicable to contract actions, and further argues that to allow contractual indemnity actions would undercut the obvious legislative intent to shield contractors from liability for their negligent actions. We have not found any Indiana case which directly addresses this issue, and we have accordingly examined the law of other jurisdictions for guidance. Unfortunately, we have failed to find any case which satisfactorily addresses the question at hand.

Bruns–Gutzwiller has cited two cases from other jurisdictions which it claims have found contractual indemnity claims to be governed by the statute of repose. Close examination has shown this court that neither explicitly dealt with contractual indemnity actions, and we therefore find neither to be persuasive.

In *Agus v. Chattanooga Development Corp.* (E.D.Tenn.1973), 358 F.Supp. 246, the federal district court considered the application of the Tennessee statute of repose for deficiencies to improvements to real property in a third party indemnification action. The Tennessee statute provided:

"All actions to recover damages for any deficiency in the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, an improvement to real property, for injury to property, real or personal, arising out of any such deficiency, or for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person performing or furnishing the design, planning, supervision, observation of construction, construction of, or land surveying in connection with, such an improvement within four (4) years after substantial completion of such an improvement."

*Agus*, 358 F.Supp. at 249. The plaintiffs in the third party action claimed that the statute of repose did not apply in the indemnification action because "an action in indemnity does not in fact arise until a judgment has been rendered in favor of the plaintiff [in the underlying action] and against the defendant, i.e., the third party plaintiff, with the applicable statute of limitations at that point being the Tennessee Six Year Statute generally applicable to contract actions...." *Id.* The court rejected this argument by noting that, in passing the repose statute, the legislature intended to shield the building trades from liability, and the court further held that the legislature's failure to expressly state that indemnity actions fell within the statute did not indicate that the legislature intended such actions to fall outside its protection. 358 F.Supp. at 251. The court therefore dismissed the indemnification action.

Facially, this precedent might seem to support Bruns–Gutzwiller's argument. However, the federal district court never in fact stated that the action before it was one to enforce a contract for indemnity. Rather, the court prefaced it analysis with the phrase "assuming arguendo that the instant indemnity action is contractual in nature." 358 F.Supp. at 249. We are accordingly unable to discern from the opinion whether the action was to enforce a contractual or common law right of indem-

nity. We therefore do not find the *Agus* opinion persuasive.

We also examined a second case cited by Bruns–Gutzwiller: the Nevada Supreme Court decision in *Nevada Lakeshore Corp. v. Diamond Electricity, Inc.* (1973), 89 Nev. 293, 511 P.2d 113. The statute at issue in *Nevada Lakeshore* read:

> "No action in tort, contract or otherwise shall be commenced against any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property more than six years after the substantial completion of such an improvement, for the recovery of damages for:
>
> (a) Any deficiency in the design, planning, supervision or observation of construction or construction of such an improvement; or
>
> (b) Injury to real or personal property caused by any such deficiency; or
>
> (c) Injury to or wrongful death of a person caused by any such deficiency."

89 Nev. at 295, 511 P.2d at 114. The court rejected the argument that the statute did not apply to indemnity actions in the following language:

> "The statute says, 'No action in tort (or) contract or otherwise....' We take that inclusive language to include actions in indemnity. To hold otherwise would thwart the purpose of the enactment."

*Id.*

We do not find the *Nevada Lakeshore* opinion to be persuasive in this instance because that case did not involve a contract for indemnity. The indemnity action in that case was based on "theories of negligence, breach of warranty and strict liability in tort, in substance, that the electrical system and parts were defective in several respects and were improperly installed." 89 Nev. at 294, 511 P.2d at 113. The case did not, therefore, address the application of the Nevada statute to an enforcement of a contract of indemnification, and the case provides no guidance for this court in this action.[1]

We have found two cases in which appellate courts of other states have held that statutes of repose do not cut off the right to recover under contractual indemnity agreements. However, neither of these cases has proved to be of assistance in this case.

In *Gomes v. Pan American Associates* (1990), 406 Mass. 647, 549 N.E.2d 1134, the Supreme Judicial Court of Massachusetts held that the Massachusetts statute of repose did not cut off contractual indemnity rights. In its opinion, the court reproduced a portion of the Massachusetts statute of repose. The portion reproduced provides that an " '[a]ction of tort for damages* arising out of any deficiency or neglect in the design, planning ... of an improvement to real property ... shall be commenced,' no more than six years 'after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement.'" *Gomes*, 406 Mass. at 648, 549 N.E.2d at 1135 (emphasis in original). The court based its opinion on the emphasized language and held that the statute applied only to actions in tort and not to contractual indemnity actions. We find little guidance in *Gomes* because our statute expressly governs contract and tort actions.

Another case in which a court has held that a statute of repose does not cut off contractual indemnity rights is *Richards v. Gold Circle Stores* (1986), 28 Ohio App.3d 39, 501 N.E.2d 670. In *Richards*, the court construed the Ohio statute of repose, which provides in relevant part:

> "No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, aris-

---

1. In *State ex rel. DOT v. Central Telephone* (1991), 107 Nev. 898, 822 P.2d 1108, in reversing a summary judgment granted based upon the statute of repose where there was an indemnification clause in an encroachment permit granted by the department of transportation to the utility, the Nevada Supreme Court stated in what is arguably dicta, "[T]he agreement ... was one of indemnity. [The] duty of performance does not arise until an event occurs that actuates the provision for indemnification. [In the case, 19 years after completion of the project.] This type of contract is not covered by the statute." *Id.* 822 P.2d at 1110.

ing out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition constitutes the proximate cause of the injury or damage for which the action is brought."

28 Ohio App.3d at 40, 501 N.E.2d at 671 (*quoting* Ohio Revised Code § 2305.131). The court of appeals noted that the Ohio Supreme Court had held in an earlier case that their statute of repose governed only actions sounding in tort. The court of appeals acknowledged that the supreme court case, *Kocisko v. Charles Shutrump & Sons* (1986), 21 Ohio St.3d 98, 488 N.E.2d 171, did not involve an indemnity contract, but concluded that the supreme court's reasoning applied with equal force to indemnity contract actions as to other types of contract actions. The *Richards* court wrote:

"Since Gold Circle is attempting to enforce an express contractual right of indemnity arising from a written contract, we see no reason to treat a breach of that contract any differently from any other breach of the contract merely because the contractual right conferred, presumably for a valuable consideration, is a right of indemnity. Nor do we find anything in R.C. 2305.131 indicating that it applies to breach of express written contracts of indemnity. Although the statute could have expressly exempted such written contracts of indemnity it also could have expressly included them, if that were the legislative intent.

To hold otherwise would enable Six Industries to avoid the contractual obligation of indemnity which it undertook when it executed the contract in question, by virtue of a statute enacted subsequent to the execution of the contract."

*Richards,* 28 Ohio App.3d at 43, 501 N.E.2d at 674.

It is clear that the *Richards* decision is based on two factors: 1) the earlier supreme court decision which held that the statute of repose did not apply to *any* contract actions and 2) the fact that the obligations and rights created by the indemnity contract predated the statute of repose. Neither of these factors are present in this case. Our statute of repose clearly applies to contract actions, and the statute predates the indemnity contract in this case. Thus this case does not support SDSBC's argument any more strongly than does the *Gomes* case, and neither supplies this court with sufficient grounds to find the indemnity agreement to be enforceable.

We are therefore faced with the question of whether a contract for indemnification is included in the coverage of our statute of repose. After examining the plain language of the statute, we conclude that it does not.

The relevant language from our statute reads, "No action to recover damages whether based on contract, tort, nuisance, or otherwise, *for:* (a) *any deficiency* ... (b) *an injury to ... property* ... arising out of any such deficiency; or (c) *injury to the person* ... arising out of any such deficiency ... shall be brought...." (emphasis added.) It is clear that "whether based on contract, tort, nuisance or otherwise" refers to "action" and is intended to cover all theories that might be the basis for an action or that the action might "sound in". It is the three categories that follow the word "for" that define the reach of the statute.

In the Duerstock claim against SDSBC, the action was clearly to recover damages *for* injury to the person of Bradley and to that extent was covered by the statute without regard to whether the action was based on contract, tort, or whatever. In contrast, in the indemnity action, the damages sought are not for any of the catego-

ries of actions covered by the statute. It is therefore not of significance that the claim arises out of a contract. SDSBC sought damages pursuant to the construction contract with Bruns–Gutzwiller for losses arising out of the Duerstock's lawsuit against SDSBC.

If SDSBC has a right to recover damages against Bruns–Gutzwiller, the damages recovered would not be "for" a deficiency or any injury to property or person arising out of a deficiency. Instead, any damages SDSBC would be entitled to recover would be grounded solely in rights granted pursuant to the contract. These damages could include items, such as SDSBC's expenditures in defending the Duerstock lawsuit, which do not compensate for any injury to Bradley's person. Thus, the indemnity action falls outside the coverage of the statute of repose. The trial court should not have granted the Bruns–Gutzwiller motion on the basis of the statute of repose.

Finally, Bruns–Gutzwiller argues that this court should dismiss SDSBC's appeal of the entry of summary judgment on the indemnity claim. Bruns–Gutzwiller asserts that the record of proceedings was not filed within ninety days of the filing of the praecipe, and that thus, pursuant to Ind.Appellate Rule 3(B), this court never acquired jurisdiction.[2] Bruns–Gutzwiller acknowledges that SDSBC filed a petition for extension to file the record, and that this court granted the petition, but contends that the petition was limited to SDSBC's interlocutory appeal of the trial courts denial of SDSBC's motion for summary judgment on the Duerstock claim.

We find this argument to be of no merit. On July 28, 1992 this court issued its order granting a preappeal conference in this matter. This order came in response to SDSBC's preappeal statement in which SDSBC made it clear that it was seeking to appeal both the denial of its motion for summary judgment on the Duerstock claim and the entry of summary judgment

against SDSBC on its indemnity claim. In our order, we explicitly stated that the time for filing the record would be set in the preappeal order, and we made no distinction between the Duerstock interlocutory appeal and the Bruns–Gutzwiller appeal. Both appeals were governed by this order. The SDSBC filed the record of proceedings on August 18, 1992, the same day that our preappeal order issued. The record was thus timely filed for all purposes, and there is no ground to dismiss this appeal.

We have found that the trial court erred in denying SDSBC's motion for summary judgment on the Duerstock claim and in granting Bruns–Gutzwiller's motion on the indemnity claim. We therefore reverse the trial court on both claims.

**REVERSED.**

CHEZEM and RUCKER, JJ., concur.

---

**2.** The rule provides, "In all appeals and reviews, except those from interlocutory orders, the record of the proceedings must be filed with the Clerk of the Supreme Court and Court of Appeals within ninety (90) days from the date the praecipe is filed."