ALLSTATE INSURANCE COMPANY, a Corporation, Appellant, v. EDD P. FURGERSON, Respondent.

No. 18876

December 30, 1988                                    766 P.2d 904

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Daniel F. Polsenberg,* Reno, for Appellant.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell,* and *Stanley Steiber,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Between December 1974 and March 1975, Phillip Angst contracted with respondent Edd Furgerson, a local builder, to construct a home on Angst's property in Carson City. The Angsts moved into their new home on August 26, 1975. Over the next two months, Furgerson returned to complete "little piddly things" that still needed work.

During the summer of 1976 and early 1977, Angst noticed some cracks in the sheetrock in several rooms. He initially attributed the cracks to "settling," but became concerned when they began to widen in 1979 and 1980.

Furgerson examined the house in August 1982, and told Angst that there was a structural problem. Shortly afterward, Furgerson asked a structural engineer to look at the home, and the engineer agreed that a deflecting truss was bearing down on the sheetrock, causing it to crack. During the winter of 1982-1983, the cracks grew wider, and depressions developed in the roof.

Angst carried a homeowners' insurance policy with appellant Allstate. He contacted Allstate in March 1983, and the company retained an engineer to inspect the house. Allstate's engineer determined that construction errors caused the structural problems.

In 1985, Allstate paid over $67,000 to repair the Angst's home. On September 13, 1985, Allstate exercised its right of subrogation and sued Furgerson for breach of contract, breach of warranty, negligence, strict liability, and false representations. On August 6, 1987, Furgerson moved for summary judgment, contending that the eight-year statute of repose provided by NRS 11.204 barred Allstate's claim. The district court granted Furgerson's motion, and Allstate appeals.

## EQUAL PROTECTION

In its order granting summary judgment, the district court concluded that NRS 11.204[1] applies to this cause of action. This statute provides owners, occupiers, designers, and builders of improvements to real property with immunity from liability for latent defects once eight years pass after the substantial completion of the project.

Allstate argues that NRS 11.204 violates the equal protection clause of the Fourteenth Amendment to the United States Constitution. Specifically, Allstate contends that the statute arbitrarily grants immunity from suit after eight years to owners, occupiers, architects, and builders, while suppliers of materials enjoy no such immunity.

Allstate cites State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983), as support for its proposition. In *All Electric,* this court struck down former NRS 11.205, which insulated architects and contractors from liability for patent defects after six years had passed following completion of the project. *Id.* at 226, 660 P.2d at 998. The statute gave no similar protection to owners or occupiers of land, or to material suppliers. *Id.* at 225, 660 P.2d at 997-998.

---

[1]NRS 11.204 provides:

Actions for damages for injury or wrongful death caused by deficiency in construction of improvements to real property: Latent deficiencies.

1. Except as otherwise provided in NRS 11.202 and 11.203, no action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 8 years after the substantial completion of such an improvement, for the recovery of damages for:

(a) Any latent deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement;

(b) Injury to real or personal property caused by any such deficiency; or

(c) Injury to or the wrongful death of a person caused by any such deficiency.

2. Notwithstanding the provisions of NRS 11.190 and subsection 1 of this section, where injury occurs in the eighth year after the substantial completion of such an improvement, an action for damages for injury to property or person, damages for wrongful death resulting from such injury or damages for breach of contract may be commenced within 2 years after the date of such injury, irrespective of the date of death, but in no event may an action be commenced more than 10 years after the substantial completion of the improvement.

3. For the purposes of this section, "latent deficiency" means a deficiency which is not apparent by reasonable inspection.

There existed no rational basis for drawing a distinction between architects and contractors as opposed to owners and manufacturers. *Id.* at 228, 660 P.2d at 999. Therefore, the former NRS 11.205 violated the equal protection clause by arbitrarily granting immunity to one group while denying it to another. *Id.* at 228, 660 P.2d at 999.

In response to the *All Electric* decision, the Nevada legislature revised its "statutes of repose."[2] (NRS 11.202-206.) The amended NRS 11.204 now grants immunity to owners and occupiers of real property. However, the law continues to deny immunity to material suppliers. In this case, Allstate argues that, for the reasons stated in *All Electric,* the new version of NRS 11.204 also violates the Fourteenth Amendment's equal protection clause.

However, in Wise v. Bechtel, 104 Nev. 750, 766 P.2d 1317 (1988),[3] we upheld the constitutionality of revised NRS 11.204.

> Materials are products, and in 1983, the legislature enacted a statute which specifically denied the immunity defenses provided by NRS 11.203-205 in cases when the injury was due to a defective product.[4] Since our legal system has a well-developed body of products liability law, there exists a rational basis for distinguishing between owners, occupiers, architects and builders of improvements to real property, as opposed to manufacturers and material suppliers. Therefore, . . . the current version of NRS 11.204 does not violate the equal protection clause.

*Id.* at 753-54, 766 P.2d at 1317.

---

[2]"Statutes of repose" bar causes of action after a certain period of time, regardless of whether damage or an injury has been discovered. In contrast, "statutes of limitation" foreclose suits after a fixed period of time following occurrence or discovery of an injury.

[3]In *Bechtel,* two employees of the Mohave Generating Station sued Bechtel Corporation, (the plant's builder), for injuries suffered in a 1985 accident at the power plant. Bechtel moved for partial summary judgment, contending that more than eight years had passed since substantial completion of the facility, thereby barring the suit under NRS 11.204. The employees and two other defendants, who were material suppliers during the plant's construction, opposed the motion and (like Allstate in the instant case) asserted that the revised NRS 11.204 was unconstitutional.

[4]NRS 11.206 provides:

> Actions for damages for injury or wrongful death caused by deficiency in construction of improvements to real property: Limitation of actions not a defense in actions based on liability as innkeeper or for defect in product. The limitations respectively prescribed by NRS 11.203, 11.204 and 11.205 are not a defense in an action brought against:
>
> . . . .
>
> 2. Any person on account of a defect in a product.

## RETROACTIVE APPLICATION

Allstate argues that even if revised NRS 11.204 is constitutional, it cannot bar this action. Phillip Angst's home was substantially completed in 1975, and the latent structural defect was evident to both Angst and Furgerson in 1982. However, this court declared the old statutes of repose to be unconstitutional in State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983). The legislature subsequently enacted the current versions of NRS 11.203-11.205 in 1983. Therefore, Allstate argues that there was essentially no statute of repose in effect when the latent defect in Angst's home was discovered, and that retroactive application of the current NRS 11.204 would violate due process of law.

We agree. Courts will not apply statutes retrospectively unless the statute clearly expresses a legislative intent that they do so. Travelers Hotel v. City of Reno, 103 Nev. 343, 346, 741 P.2d 1353, 1355 (1987). No language exists in NRS 11.204 or in the other statutes of repose directing that these laws be applied retrospectively. Furthermore, nothing in the legislative history indicates a legislative intent other than prospective application. Thus, Allstate correctly contends that NRS 11.204 cannot be retrospectively applied to the construction error at issue in this case.

Furgerson argues that retrospective application of NRS 11.204 is unnecessary in the instant case. He contends that since Allstate paid for the repairs in 1985, that was the date of the "[i]njury to real or personal property caused by" the construction defect. NRS 11.204(1)(b). Therefore, Furgerson concludes that NRS 11.204 can be prospectively applied in the instant case because Angst's home was repaired in 1985, after enactment of the statute.

However, NRS 11.204 bars recovery of damages for "[a]ny latent deficiency in the design, planning, supervision or observation of construction or the construction of . . ." an improvement to real property more than eight years after substantial completion of the project. NRS 11.204(1)(a). The latent structural defect at issue in this case apparently existed upon completion of the home in 1975, and was evident to both Angst and Furgerson by 1982.

Thus, this cause of action accrued before the effective date of the revised NRS 11.204. We cannot apply the amended statute of repose retroactively to bar suits by persons injured before the effective date of the new law but who failed to commence an action until after the date of the amendment. Hunter v. School District of Gale-Ettrick, 293 N.W.2d 515, 521-522 (Wis. 1980). Therefore, in this case, although the statute is constitutional,

NRS 11.204 cannot be applied retroactively to bar Allstate's cause of action.

Accordingly, we reverse the district court's order granting summary judgment.[5]

---

[5]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.