THOMAS WISE, LA REE WISE, JOHN FREDERICK WILLIAMS, SHEILA WILLIAMS, ASSOCIATED PIPING AND ENGINEERING CORPORATION AND WICKES MANUFACTURING COMPANY, Appellants, v. BECHTEL CORPORATION, LOS ANGELES DEPARTMENT OF WATER AND POWER, NEVADA POWER COMPANY AND SALT RIVER PROJECT AGRICULTURAL IMPROVEMENT AND POWER DISTRICT, Respondents.

No. 18603

December 30, 1988 766 P.2d 1317

---

[2]The Honorable E. M. Gunderson, Chief Justice, did not participate in the decision of this appeal.

*Lovell, Bilbray & Potter* and *Robert J. Kossack,* Las Vegas, for Appellants Thomas Wise, La Ree Wise, John Frederick Williams and Sheila Williams.

*Vargas & Bartlett* and *Von S. Heinz,* Reno, and *Knapp, Petersen & Clarke* and *Lance Nicholas Jurich, Mitchell Fenton* and *David Haber,* Universal City, California, for Appellant Associated Piping and Engineering.

*Thomas D. Beatty,* Las Vegas, and *Dickson, Carlson & Campillo* and *William B. Fitzgerald, Steven L. Hoch* and *Amor Esteban,* Santa Monica, California, for Appellant Wickes Manufacturing Company.

*Barker, Gillock, Koning, Brown & Earley,* Las Vegas, and *Thelen, Marrin, Johnson & Bridges* and *Walter A. Stringfellow* and *Harold E. Hamersmith,* Los Angeles, California, for Respondent Bechtel Power Corporation.

*Lionel, Sawyer & Collins* and *Cam Ferenbach,* Las Vegas, and *Tucker & Johnson,* Los Angeles, California, for Respondents Los Angeles Department of Water and Power, Nevada Power Company, and Salt River Project Agricultural Improvement and Power District.

*Daniel F. Polsenberg* and *J. R. Crockett,* Las Vegas, Amicus Curiae for NTLA.

*Brian McKay,* Attorney General, and *Brooke Nielsen,* Deputy, Carson City, Amicus Curiae for State of Nevada.

## OPINION

*Per Curiam:*

This proceeding is before this court pursuant to the certification procedure set forth in NRAP 5.[1] Upon motion of appellant Wickes Manufacturing Company, and good cause appearing, the United States District Court for the District of Nevada certified the following issues to this court:

> (1) whether § 11.204 of the Nevada Revised Statutes violates the equal protection clause of the Nevada Constitution; and
> (2) whether § 11.204 of the Nevada Revised Statutes violates Article 4, § 17 of the Nevada Constitution.

For the reasons set forth below we hold that NRS 11.204 does not violate the equal protection clause or Article 4, § 17 of the Nevada Constitution.

Appellants Thomas Wise and John Williams were injured in the June 9, 1985 accident at Unit 2 of the Mohave Generating Station ("the plant") near Laughlin. A thirty inch pipe, carrying superheated steam at 1000 degrees fahrenheit and 600 pounds of pressure per square inch failed along a seam. Steam was forced into the plant's control room and lunch room, where Wise and Williams were located. Respondent Bechtel Corporation designed, built and now maintains the plant. Respondents Los Angeles Water and Power, Nevada Power Company and Salt River Project own the plant ("the owners"). Appellant Wickes Manufacturing Company ("Wickes") manufactured the pipe that burst. Appellant Associated Piping and Engineering Corporation ("Associated") installed the pipe in the plant, and was responsible for the welding at the failure point.

Wise, Williams and their spouses ("the plaintiffs") sued Bechtel, Wickes, Associated and the owners in November of 1985 in the United States District Court, District of Nevada. Bechtel moved for partial summary adjudication, contending that more than eight years had passed since substantial completion of the plant, thereby barring any suit for injuries caused by latent

---

[1]NRAP 5 provides in part:

The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or of the District of Columbia, or a United States District Court, when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

defects in the deficient construction. The plaintiffs, joined by Wickes and Associated, who were defendants below, opposed the motion, contending that NRS 11.204 violated the equal protection clauses of the Nevada and United States Constitutions, violated Article 4, § 17 of the Nevada Constitution, and does not bar claims for indemnity or contribution. The United States District Court then certified the above questions to this court.

The legislature enacted NRS 11.204 after this court struck down NRS 11.205 in State Farm v. All Electric, Inc., 99 Nev. 222, 660 P.2d 995 (1983).[2] In *State Farm,* this court held that NRS 11.205 violated the equal protection clause of the United States and Nevada Constitutions because it insulated architects and contractors from liability, while owners of property and material suppliers were not protected by the statute.

In enacting NRS 11.204, the legislature included owners of property within the protected classes, but continued to exempt material suppliers from the statute's protection. Appellants contend that the equal protection clause is offended by this classification because there is no rational basis for excluding material suppliers from the statute's protection. We disagree.

Materials are products, and in 1983, the legislature enacted a statute which specifically denied the immunity defenses provided by NRS 11.203-205 when the injury was due to a defective

---

[2]NRS 11.204 provides in pertinent part:

    1. Except as otherwise provided in NRS 11.202 and 11.203, no action may be commenced against the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction, of an improvement to real property more than 8 years after the substantial completion of such an improvement, for the recovery of damages for:

    (a) Any latent deficiency in the design, planning, supervision or observation of construction or the construction of such an improvement;

    . . . .

    (c) Injury to or the wrongful death of a person caused by any such deficiency.

    . . . .

    3. For the purposes of this section, "latent deficiency" means a deficiency which is not apparent by reasonable inspection.

NRS 11.205 provided:

    1. No action in tort, contract or otherwise shall be commenced against any person performing or furnishing the design, planning, or supervision or observation of construction, or the construction, of an improvement to real property more than six years after the substantial completion of such an improvement, for the recovery of damages for:

    (a) Any deficiency in the design, planning, supervision or observation of construction or construction of such improvement.

product.[3] Because our legal system has a well developed body of products liability law, there exists a rational basis for distinguishing between owners, occupiers, architects and builders of improvements to real property, as opposed to manufacturers and material suppliers. Therefore, we hold that the current version of NRS 11.204 does not violate the equal protection clause of the Nevada Constitution. To the extent that our opinion in *State Farm* indicates otherwise, it is disapproved.

Appellants contend that because the title of NRS 11.204 mentions both statutes of repose and statutes of limitations, the statute is unconstitutional. Specifically, appellants contend that the statute's title violates the one subject clause of Article 4, § 17 of the Nevada Constitution.

Article 4, § 17 of the Nevada Constitution provides, in pertinent part: "Each law enacted by the legislature shall embrace but one subject, and matter, properly connected therewith, which subject shall be briefly expressed in the title. . . ." There is a strong presumption in favor of the constitutionality of statutes, which can only be overcome by clear and fundamental violations of the law. *See* State v. Com's Humboldt Co., 21 Nev. 235, 238, 29 P. 974, 975 (1892). This court has liberally construed the one subject and briefly expressed clauses of Article 4, § 17. *See* State v. Payne, 53 Nev. 193, 197, 245 P. 770, 771-72 (1931) (stating that "[t]he constitutional requirement, though mandatory, must be liberally construed, lest meritorious legislation be declared void by reason of inartificiality in the title.") "[T]he main test of the application of the clause to a particular statute is whether the title is of such a character as to mislead the public and the members of the legislature as to the subjects embraced in the act. . . ." *Payne,* 53 Nev. at 197, 295 P. at 771.

Senate Bill 236, 1983 Nevada Stats. ch. 468, at 1237, included what became NRS 11.202-11.206.[4] Although the drafters used the word "limitation," the choice of language is accurate because statutes of repose limit the period of time in which an action may be brought. Therefore, we hold that the title of the act is not of

---

[3]NRS 11.206 provides:

The limitations respectively prescribed by NRS 11.203, 11.204 and 11.205 are not a defense in an action brought against:

. . . .

2. Any person on account of a defect in a product.

[4]NRS 11.202-11.206 are all statutes of repose concerning improvements to real property. Statutes of repose bar causes of action after a certain period of time, regardless of whether damages or an injury has been discovered. In contrast, statutes of limitation foreclose claims brought after a period of time following occurrence or discovery of an injury.

such a character as to mislead either the public or the legislature. The statute only concerns one subject and does not violate Article 4, § 17 of the Nevada Constitution.[5]

---

[5]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.