COPE, Judge.
Otis Elevator Company appeals a final judgment after jury verdict. We reverse.
Plaintiff Thomas Theodore was a passenger in a freight elevator at the Metro-Dade Justice Building. The elevator, installed in 1962, has doors which are operated by hand. Plaintiff alleged that his hand was caught when the doors closed, resulting in injury. He brought suit against Otis Elevator Company, alleging that Otis was negligent in its maintenance of the elevator. From a judgment in favor of the plaintiff, Otis has appealed.
At trial, plaintiff contended that Otis’ maintenance of the elevator was negligent in two respects. First, plaintiff claimed that in the course of maintaining the elevator, Otis should have periodically replaced rubber bumpers which kept the two handoperated doors from closing completely. The elevator originally came equipped with rubber bumpers which left a three-quarters-inch gap between the doors after they had been closed. Plaintiff theorized that over a period of time, the rubber bumpers would deteriorate and would fail to ensure that there was a three-quarters-ineh gap. Plaintiff argued that this had happened in his case, thus allowing the manually-operated doors to close on his hand.
The evidence at trial was unrebutted, however, that in 1965 Otis had replaced the original rubber bumpers with metal stops. There was no evidence that the metal stops could, or did, deteriorate in subsequent years. Plaintiffs expert based his expert opinion entirely on the theory that the freight elevator still had rubber bumpers and that the rubber bumpers had not been replaced — but the expert offered his opinion on the basis of the original elevator drawings, not by inspecting the elevator itself. The testimony of all of the fact witnesses was unrebutted that the elevator was in reality equipped with metal stops, not rubber bumpers. Consequently, there was no evidence to support this theory of negligent maintenance.
Second, plaintiff contended that Otis was guilty of negligent maintenance by not modifying the pull straps which are used to close the elevator doors. There is a pull strap on the inside of the elevator door, and a pull strap on the outside of the elevator door. The plaintiff contended that these were arranged in such a way that a person using the elevator could inadvertently pull the outside strap instead of the inside strap, thus resulting in the user’s hand extending through the plane of operation of the elevator doors, with the result that the user’s hand could be trapped between the closing doors.*
The problem with the argument regarding the pull straps is that it is barred by the statute of repose. The elevator was built and installed in 1962. Plaintiffs theory was in reality a claim of negligent design of the elevator, which was time-barred by the statute of repose. See Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361 (Fla.1992). Plaintiffs claim was not that the pull straps were in poor condition or had not been properly maintained; plaintiffs claim was that *968 the design itself was faulty and that the design should have been changed. Given that this particular claim was time-barred under the circumstances of this ease, Otis’ motion for directed verdict was well taken on this point as well.
The final judgment is reversed and the cause remanded with directions to enter judgment for defendant.
Reversed and remanded.

 Unlike a conventional passenger elevator where the doors close from the sides, in this freight elevator there is an upper elevator door which descends from above, and a lower elevator door which arises from below. The pull straps are affixed to the upper elevator door. By pulling down on either pull strap, the elevator doors close.