MILSEN J. DAVENPORT, Appellant, *v.* COMSTOCK HILLS—RENO, a California Limited Partnership, dba COMSTOCK HILLS; and REITMAN RENO PROPERTIES INC., a Nevada Corporation, Respondents.

No. 37044

May 17, 2002

46 P.3d 62

[Rehearing denied July 10, 2002]

[En banc reconsideration denied September 5, 2002]

Becker, J., dissented in part.

*Goedert & Michaels,* Reno, for Appellant.

*Thorndal Armstrong Delk Balkenbush & Eisinger* and *Katherine F. Bobier,* Reno, for Respondents.

# OPINION

By the Court, ROSE, J.:

As the primary issue of this appeal, we consider the breadth of Nevada's statutes of repose, which absolutely bar any action stemming from injuries caused by a negligently designed or constructed improvement to real property after a certain period of time has passed. In this case, appellant sued the respondents for injuries that she suffered after falling from a retaining wall on their property. The district court granted summary judgment to the respondents, concluding, among other things, that a statute of repose barred the suit. We conclude that the district court interpreted the statute of repose far too broadly, and we reverse.

## FACTS

Appellant Milsen Davenport was a tenant at the Comstock Hills Apartments in Reno, a complex owned by the respondents, Comstock Hills-Reno and Reitman Reno Properties Inc. (collectively "Comstock Hills").

On June 25, 1999, after returning home from work, Davenport took her dog for a walk around the apartment complex. During the walk, Davenport and her dog traversed a sidewalk in a common area of the complex. To one side of the sidewalk was a cluster of two-story apartments. To the other side was an area of grass running along the sidewalk and separating the sidewalk and apartments from the parking lot. The grass strip was approximately eleven feet wide and sloped slightly downward toward the parking

lot. The grass strip was elevated above the parking lot approximately four feet and was supported laterally by a white brick retaining wall. The top of the retaining wall was more or less flush with the grass area it supported. There was no fence or other structure along the edge of the retaining wall's precipice.

As Davenport and her dog walked along the sidewalk, a girl in a nearby apartment unexpectedly let two dogs out of her apartment. The two dogs were larger than Davenport's dog, and they rushed toward Davenport and her dog snarling and snapping. Davenport quickly retreated backwards to pull her dog away from the attacking dogs. She moved off of the sidewalk and across the grass strip. In her haste, she backed up to the edge of the grass strip, stumbled over the edge of the retaining wall, and fell onto the parking lot below. In consequence, she suffered fractures to a rib, a hip, and a femur.

Construction of the retaining wall had been completed in 1987. The parties seem to agree that the retaining wall has remained structurally unchanged since that time. Also of note, Comstock Hills is not the original owner of the apartment complex.

Davenport sued Comstock Hills, alleging that it had acted negligently by failing to design, build, and maintain a reasonably safe retaining wall and by failing to warn her of the hazard. She requested an award of $43,867.00 in medical expenses, in addition to awards for loss of income and pain and suffering. Later in the proceeding, Comstock Hills filed a motion for summary judgment, arguing that Nevada's statute of repose barred all of Davenport's claims and, in addition, that Davenport could not prevail on her failure-to-warn claim because the alleged hazard was obvious. The district court agreed and granted summary judgment in favor of Comstock Hills on those bases. Davenport appealed.

## DISCUSSION

In contrast to a statute of limitation, which forecloses suit after a fixed period of time following the occurrence or discovery of an injury, a statute of repose "bar[s] causes of action after a certain period of time, regardless of whether damage or an injury has been discovered."[1] For instance, NRS 11.203 bars causes of action for, among other things, personal injury or property damage allegedly caused by a deficiency in the improvements to real property when the action is commenced more than ten years after "substantial completion" of the improvements in question. If the damage or injury occurs after the specified period, it is barred

---

[1]*Allstate Ins. Co. v. Furgerson,* 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988).

without regard to whether the statute of limitations has run on the injured party's claim.[2] Similarly, NRS 11.204 and 11.205 respectively set time limits of eight years for "latent" or non-apparent deficiencies and of six years for "patent" or apparent deficiencies. Nevada's statutes of repose protect "the owner, occupier or any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property."[3]

In the case at hand, the district court granted summary judgment on the premise that Comstock Hills was an "owner" protected by the statutes of repose. Davenport acknowledges that Nevada's statutes of repose protect owners of real property, such as Comstock Hills, but she asserts that the legislature intended that in order to claim the protection of the statutes, the owner must have actually participated in designing or constructing the improvements that caused the injury. In the proceedings below, Davenport emphasized the fact that Comstock Hills was not the original owner, and therefore did not participate in designing or constructing the retaining wall and elevated grass area. Responding to this argument, Comstock Hills asserts that Davenport's interpretation of the statutes of repose would protect only original property owners. Comstock Hills argues that such an interpretation would violate equal protection by creating an arbitrary pair of classifications, namely, original owners that participate in designing or constructing an improvement, whom the statutes of repose would protect, and subsequent owners that did not participate, who would enjoy no protection. But these arguments ignore a key facet of the statutes of repose—the type of action the statutes bar.[4]

A review of the plain language of the statutes of repose as well as their fundamental purpose presses the conclusion that the legislature intended to shield those involved in creating improvements

---

[2]*See G and H Assocs. v. Ernest W. Hahn, Inc.,* 113 Nev. 265, 271, 934 P.2d 229, 233 (1997).

[3]NRS 11.203(1); *accord* NRS 11.204(1); NRS 11.205(1).

[4]The parties' arguments raise an issue of statutory construction. Our objective in construing statutes is to give effect to the legislature's intent. *Cleghorn v. Hess,* 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993). To do so, we first look to the plain language of the statute; but when the language is ambiguous or otherwise does not speak to the issue, we construe it according to that which " 'reason and public policy would indicate the legislature intended.' " *State, Dep't Mtr. Vehicles v. Vezeris,* 102 Nev. 232, 236, 720 P.2d 1208, 1211 (1986) (quoting *Cannon v. Taylor,* 87 Nev. 285, 288, 486 P.2d 493, 495 (1971), *modified on other grounds,* 88 Nev. 89, 493 P.2d 1313 (1972)).

from actions grounded in design or construction defect, but not from actions asserting negligent maintenance.[5] Turning first to the language, we note that the statutes specifically protect the "owner" and "occupier" of the property, but the statutes also contain a broad catchall category that includes "any person performing or furnishing the design, planning, supervision or observation of construction, or the construction of an improvement to real property."[6] The phrasing of this catchall category indicates the legislature's intent to qualify the functions that the statutes are concerned with, namely, functions that have to do with designing, planning, and constructing, or supervising or observing the same, in a word—creating—the improvement. Nothing in the statutes' language indicates that their protection extends to functions performed after the improvement in question has been completed, such as maintenance.

The basic purpose behind the statutes of repose confirms this interpretation: the purpose is " 'to require trials of actions based upon *defects in construction* to be held within a relatively short time after the work is completed.' "[7] The parties involved in creating an improvement often cease having any control over the improvement after completion, and thus, the legislature has opted to provide them a measure of economic certainty by closing the door to liability based on "deficiencies," or design and construction-related defects, that cause injury or damage after a specific period of time has passed. But the policy of providing protection to parties who no longer control the safety of improvements does not apply to those that retain control of the improvement and thus have the power—and therefore a duty[8]—to keep it free of hazards. Acknowledging this principle, the Supreme Court of Oklahoma has stated, *"Maintenance is not the same as nor synonymous with design and construction."*[9] Accordingly, we hold that the statutes of repose bar only those actions arising out of design and construction-related negligence, but not negligent maintenance. This

---

[5]In *State, Department of Transportation v. Central Telephone,* 107 Nev. 898, 901, 822 P.2d 1108, 1110 (1991), we anticipated having to resolve this issue: "Moreover, we question, without presently deciding, whether the statutes of repose may be read so broadly as to afford protection to parties charged with the basic duties of repair or maintenance of a right-of-way."

[6]NRS 11.203(1); *accord* NRS 11.204(1); NRS 11.205(1).

[7]*State Farm v. All Electric, Inc.,* 99 Nev. 222, 227, 660 P.2d 995, 999 (1983) (emphasis added) (quoting *Skinner v. Anderson,* 231 N.E.2d 588, 590 (Ill. 1967)), *disapproved of on other grounds by Wise v. Bechtel Corp.,* 104 Nev. 750, 754, 766 P.2d 1317, 1319 (1988).

[8]*Cf. Moody v. Manny's Auto Repair,* 110 Nev. 320, 333, 871 P.2d 935, 943 (1994) ("We conclude that all persons in this society have an obligation to act reasonably and that an owner or occupier of land should be held to the general duty of reasonable care when another is injured on that land.").

[9]*Gorton v. Mashburn,* 995 P.2d 1114, 1116 (Okla. 1999).

holding is in accord with decisions from other courts that have addressed the issue.[10]

Our interpretation of the statutes of repose also resolves Comstock Hills' concern about equal protection. An owner enjoys a limited measure of protection under the statutes of repose that is determined by the type of action brought. The limited protection afforded an owner in its role of creating the improvement is justified and does not create an arbitrary classification.

Apparently perceiving the distinction between the types of actions that the statutes of repose cover, Comstock Hills also asserts that Davenport's "entire claim for relief is that Comstock was negligent in failing to install a guardrail or fence at the top of the retaining wall," and "[t]herefore, Davenport's negligence action is based upon the reasonableness of a design and planning decision." Of course, if this were the case, the statutes of repose would preclude Davenport's action. But Davenport's complaint also expressly alleged negligent maintenance. And in any event, although Davenport's allegation that a guardrail would have prevented her injuries does indeed invoke a design-defect theory, it also invokes the theory of negligent maintenance. The duty to maintain may include, in appropriate circumstances, an obligation to "upgrade" facilities that harbor foreseeable hazards by, for instance, installing guardrails.[11]

---

[10]*See, e.g., Otis Elevator Co. v. Theodore,* 677 So. 2d 966, 967 (Fla. Dist. Ct. App. 1996) (acknowledging that the statute of repose does not bar actions for negligent maintenance but reversing the plaintiff's trial victory because "there was no evidence to support this theory of negligent maintenance"); *England v. Beers Const. Co.,* 479 S.E.2d 420, 424 (Ga. Ct. App. 1996) (holding that the statute of repose has "no application" to plaintiff's claim that the defendant had negligently maintained the improvement); *Gorton,* 995 P.2d at 1116 (noting that the applicable statute of repose did not bar a claim based on negligent maintenance, but disallowing the plaintiff from using a more-than-ten-year-old violation of the city building code to establish negligence per se). Other states have recognized the distinction by statute. *See, e.g.,* Cal. Civ. Proc. Code § 337.1(d) (West 1982) ("The limitation prescribed by this section shall not be asserted by way of defense by any person in actual possession or the control, as owner, tenant or otherwise, of such an improvement at the time any deficiency in such an improvement constitutes the proximate cause of the injury or death for which it is proposed to bring an action."); N.J. Stat. Ann. § 2A: 14-1.1(a) (West Supp. 2002) (using substantially similar language).

[11]*See, e.g., George v. Fox West Coast Theatres,* 519 P.2d 185, 190 (Ariz. Ct. App. 1974) (acknowledging the possibility that the duty to maintain "could encompass affirmative measures to upgrade," but noting that the question would be one for the jury). In Nevada, this principle has been recognized implicitly. *See, e.g., Foley v. City of Reno,* 100 Nev. 307, 680 P.2d 975 (1984) (allowing a plaintiff to proceed with a cause of action against the city on the theory that the city breached its duty to install adequate warning or traffic control devices after taking notice of a dangerous intersection); *State*

We conclude that the statutes of repose do not shield Comstock Hills from Davenport's claim of negligent maintenance. Thus, the district court erred in granting summary judgment in favor of Comstock Hills as to that claim.

In her complaint, Davenport also asserted that Comstock Hills was negligent in failing to warn her of the unsafe precipice. The district court granted summary judgment as to this claim by concluding that the hazard was obvious as a matter of law.[12] But after reviewing the photographs of the retaining wall included in the record, we determine that the question of whether the peril was obvious is best left for the jury.[13] Accordingly, we conclude that the district court erred on this point as well.

## CONCLUSION

We hold that the statutes of repose do not obviate the duty of owners and occupiers to maintain their property free of hazards. Thus, having concluded that the district court erred in granting summary judgment against Davenport, we reverse the district court's order and remand this case for further proceedings consistent with this opinion.

SHEARING, J., concurs.

BECKER, J., concurring in part and dissenting in part:

I concur with the majority analysis regarding the statute of repose. I respectfully dissent however on Davenport's claim that Comstock Hills was negligent in failing to warn her of the alleged unsafe precipice. Davenport was a resident of Comstock Hills and was aware of the drop-off between the landscaping and the parking areas. Moreover, the drop is clearly visible to a reasonable person who might be cutting across the grass. I would affirm the granting of the summary judgment on the failure to warn claim

v. *Webster,* 88 Nev. 690, 693-94, 504 P.2d 1316, 1319 (1972) (concluding that the State had breached its duty to ensure reasonable safety by failing to install a cattleguard on a freeway); *Harrigan v. City of Reno,* 86 Nev. 678, 475 P.2d 94 (1970) (employing similar reasoning regarding a guardrail near a dangerous edge of a city-owned parking lot).

[12]*See Gunlock v. New Frontier Hotel,* 78 Nev. 182, 370 P.2d 682 (1962) (concluding that a two-foot-wide, four-inch-high planter containing foliage, running along a plate glass window was obvious as a matter of law, and thereby precluding a failure-to-warn action for injury caused by the planter).

[13]*See Harrington v. Syufy Enters.,* 113 Nev. 246, 931 P.2d 1378 (1997) (leaving the question of obviousness for the jury where the plaintiff, facing the sun, tripped over a grate with tire spikes); *Worth v. Reed,* 79 Nev. 351, 384 P.2d 1017 (1963) (leaving the question of obviousness for the jury where the plaintiff slipped and fell on a wet tile floor).

since her knowledge and the open and obvious nature of the drop negates any need for a warning.