**130 Nev., Advance Opinion 39**

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| EUGENE P. LIBBY, D.O.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF<br>CLARK; AND THE HONORABLE<br>JERRY A. WIESE, DISTRICT JUDGE,<br>Respondents,<br>and<br>MEGAN HAMILTON,<br>Real Party in Interest. | No. 59688<br><br>**FILED**<br><br>MAY 29 2014<br><br> |

Original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment in a medical malpractice action.

*Petition granted.*

Lewis Brisbois Bisgaard & Smith, LLP, and S. Brent Vogel and Erin E. Dart, Las Vegas,
for Petitioner.

Potter Law Offices and Cal J. Potter, III, Las Vegas,
for Real Party in Interest.

---

BEFORE GIBBONS, C.J., PICKERING, HARDESTY, PARRAGUIRRE, DOUGLAS, CHERRY and SAITTA, JJ.

*OPINION*

PER CURIAM:

Nevada's medical malpractice statute of limitations, NRS 41A.097(2), provides that an action against a health care provider must be

filed within one year of the injury's discovery and three years of the injury date. In the underlying district court action, Megan Hamilton brought a claim for injury against Dr. Eugene Libby more than three years after she discovered that a serious infection persisted in her knee, despite Dr. Libby's surgical intervention. Dr. Libby moved the district court for summary judgment on the basis that Ms. Hamilton's claims were barred by the three-year statute of limitation. The district court did not agree and denied the motion for summary judgment, resulting in Dr. Libby seeking this court's interlocutory review. According to Dr. Libby, NRS 41A.097(2) mandates that judgment be entered in his favor.

Based on the plain language of the statute, which establishes "date of injury" as the outer boundary for claim accrual, we conclude that NRS 41A.097(2)'s three-year limitation period begins to run when a plaintiff suffers appreciable harm, regardless of whether the plaintiff is aware of the injury's cause. Here, because Ms. Hamilton suffered appreciable harm to her knee more than three years before she filed her complaint, the district court was required to grant Dr. Libby's motion for summary judgment. Accordingly, mandamus relief is appropriate in this instance.

*FACTS AND PROCEDURAL HISTORY*

On November 8, 2005, petitioner Eugene P. Libby, D.O., an orthopedic surgeon, performed emergency surgery on real party in interest Megan Hamilton's left knee. During a follow-up appointment on November 28, 2005, Ms. Hamilton complained of pain in her knee that had started one week earlier. Dr. Libby aspirated the knee, and then hospitalized Ms. Hamilton and placed her on additional antibiotics. The aspirated cultures from Ms. Hamilton's knee were sent for testing and

tested positive for a bacterium known as Methicillin-Resistant Staphylococcus Aureas (MRSA). At that point, an infectious disease doctor was called in for consultation. After her discharge from the hospital, Ms. Hamilton continued to be treated by the infectious disease doctor for her infection and was seen by Dr. Libby several times to monitor the healing of her knee. Ms. Hamilton's MRSA infection persisted.

On May 16, 2006, in an effort to combat the MRSA infection, Dr. Libby performed another surgery on Ms. Hamilton's knee to remove surgical screws and washers, which were apparently impeding the antibiotics from surrounding and killing the MRSA infection. But the infection continued, and on August 21, 2006, Dr. Libby lanced Ms. Hamilton's knee and removed a yellowish substance. That was the last date on which Dr. Libby treated Ms. Hamilton.

Thereafter, Ms. Hamilton had two additional surgeries on her knee each performed by a different doctor. The first surgery took place on December 15, 2006, and a "significant nonabsorbable suture nearly 4 cm in length" was removed from Ms. Hamilton's knee. The second surgery was performed on April 15, 2009, and a "large knotted permanent suture" and a retained suture were removed from Ms. Hamilton's knee. These latter sutures tested positive for the presence of MRSA.

On April 14, 2010, Ms. Hamilton filed a complaint against Dr. Libby. Her complaint generally alleged that Dr. Libby failed to remove the suture material retained in her knee during the May 16, 2006, surgery, that he knew or should have known that the suture material was present and could or would carry MRSA, and that he failed to warn Ms. Hamilton of the danger of leaving suture material in her knee, all in breach of the standard of care, and resulting in her injuries.

As more than three years had passed between the end of Dr. Libby's treatment of Ms. Hamilton and the filing of her complaint, Dr. Libby filed in the district court a motion for summary judgment on the basis that no genuine issues of material fact remained as to whether Ms. Hamilton's claims were time-barred by NRS 41A.097(2)'s three-year limitation. Ms. Hamilton opposed the motion and argued that her claims were not time-barred because she was not aware after her December 15, 2006, surgery that the sutures removed from her knee were infected with MRSA, and that she did not discover that fact until after her final surgery in 2009. Ms. Hamilton further argued that the time for her to bring her claims was tolled by NRS 41A.097(3) because Dr. Libby concealed the existence of the MRSA-infected sutures in her knee. The district court denied Dr. Libby's motion for summary judgment, and this petition for extraordinary writ relief followed.

## DISCUSSION

### Standard of review

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). Whether to consider a writ of mandamus is within this court's discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). As a general rule, this court will not exercise its discretion to consider petitions for extraordinary writ relief that challenge district court orders denying summary judgment, but an exception applies when "no disputed factual issues exist and, pursuant to clear authority under a statute or rule, the

district court is obligated to dismiss an action." *Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 280, 281 (1997).

This writ petition presents an issue of first impression regarding when the three-year limitation period contained in NRS 41A.097(2) begins to run. Because the facts concerning the timeline of events are not disputed, and because NRS 41A.097(2) provides clear authority that a medical malpractice case "may not be commenced more than 3 years after the date of injury," but the Nevada district courts have inconsistently applied this statute, we elect to exercise our discretion to consider the merits of this writ petition and to clarify this question of law. *See Wheble v. Eighth Judicial Dist. Court*, 128 Nev. ___, ___, 272 P.3d 134, 136 (2012) (entertaining a writ petition when district courts might contradictorily interpret and apply a statute).

"Statutory interpretation is a question of law that we review de novo, even in the context of a writ petition." *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. If the statute is clear on its face, we will not look beyond its plain language. *Wheble*, 128 Nev. at ___, 272 P.3d at 136. When giving a statute's terms their plain meaning, this court will consider the statute's "provisions as a whole so as to read them in a way that [will] not render words or phrases superfluous or make a provision nugatory." *S. Nev. Homebuilders Ass'n v. Clark Cnty.*, 121 Nev. 446, 449, 117 P.3d 171, 173 (2005) (internal quotation marks omitted).

*NRS 41A.097(2)'s three-year limitation period begins to run once the plaintiff suffers appreciable harm*

NRS 41A.097(2) provides that "an action for injury . . . against a provider of health care may not be commenced more than 3 years after the date of injury or 1 year after the plaintiff discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs

first . . . ."[1] To resolve the novel issue presented by this writ petition—determining the catalytic event by which the three-year statute of limitation begins to run—we begin with the analytical foundation established in previous cases in which we have interpreted NRS 41A.097(2)'s one-year limitation period. *Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev. ___, ___, 277 P.3d 458, 461-62 (2012); *Massey v. Litton*, 99 Nev. 723, 726-28, 669 P.2d 248, 250-52 (1983). Beginning in *Massey*, we explained that NRS 41A.097(2)'s one-year limitation period is a statutory discovery rule that begins to run when a plaintiff "knows or, through the use of reasonable diligence, should have known of facts that would put a reasonable person on inquiry notice of his cause of action." 99 Nev. at 726-28, 669 P.2d at 250-52. We have further explained that the term "injury," as used in the one-year limitation period, encompasses a plaintiff's

---

[1]Dr. Libby acknowledges that NRS 41A.097(2)'s three-year limitation period runs from the plaintiff's "date of injury," but he also argues that the district court was obligated to dismiss Ms. Hamilton's complaint because it was brought more than three years after he last treated Ms. Hamilton. To the extent that Dr. Libby suggests that the three-year limitation period is a statute of repose, we reject that contention. A statute of repose "'bar[s] causes of action after a certain period of time, regardless of whether damage or an injury has been discovered,'" *Davenport v. Comstock Hills—Reno*, 118 Nev. 389, 391, 46 P.3d 62, 64 (2002) (alteration in original) (quoting *Allstate Ins. Co. v. Furgerson*, 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988)), whereas, a statute of limitations "forecloses suit after a fixed period of time following the occurrence or discovery of an injury." *Id.* NRS 41A.097(2)'s three-year limitation period runs "3 years after the date of injury." Because the three-year limitations period begins to run from the date of the plaintiff's injury, and not from the last date the plaintiff was treated by the health care provider, NRS 41A.097(2)'s three-year limitation period is not a statute of repose, but is rather a statute of limitations. *Davenport*, 118 Nev. at 391, 46 P.3d at 64.

discovery of damages as well as discovery of the negligent cause of the damages. *Id.* at 728, 669 P.2d at 252. Later in *Winn*, we recognized that by its terms, NRS 41A.097(2) requires a plaintiff to satisfy both the one-year discovery rule and the three-year limitations period. *Winn*, 128 Nev. at ___, 277 P.3d at 461. Thus, consistent with the statute's language, which requires the plaintiff to commence her action within one year of discovering her injury or within three years of the injury date, the analysis in *Massey* and *Winn* recognize that commencement of a malpractice action is bound by two time frames tied to two different events. In *Massey* and *Winn*, we construed the one-year limitation period as requiring a plaintiff to be aware of the cause of his or her injury, and while Ms. Hamilton asks us to apply the same construction to the three-year limitation period, such a reading would render NRS 41A.097(2)'s three-year limitation period irrelevant. *See S. Nev. Homebuilders Ass'n*, 121 Nev. at 449, 117 P.3d at 173. This we decline to do.

Instead, we turn to California for guidance, as its medical malpractice statute of limitations is identical to Nevada's statute,[2] and its courts have similarly concluded that a plaintiff does not need to be aware of the cause of his or her injury for the three-year limitation period to begin to accrue. *Marriage & Family Ctr. v. Superior Court*, 279 Cal. Rptr. 475, 478 (Ct. App. 1991). In so concluding, California courts have reasoned that the purpose of the three-year limitation period is "to put an outside cap on the commencements of actions for medical malpractice, to

---

[2]*See* Cal. Civ. Proc. Code § 340.5 (West 2006) (stating "the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first").

be measured from the date of the injury, regardless of whether or when the plaintiff discovered its negligent cause." *Id.* To that end, California courts examining the issue before us now have held that a plaintiff must have suffered appreciable harm as a result of the health care provider's actions for the three-year limitation period to begin to run. *See Larcher v. Wanless*, 557 P.2d 507, 512 n.11 (Cal. 1976) (concluding that the medical malpractice statute of limitation does not begin to run until the patient suffers some damage or injury); *McNall v. Summers*, 30 Cal. Rptr. 2d 914, 919 (Ct. App. 1994) (holding that the three-year limitations period begins to accrue once there is a manifestation of the injury in some significant way).

The California Court of Appeal reached the same conclusion in a case involving in relevant way facts similar to those presented by this writ petition. *Garabet v. Superior Court*, 60 Cal. Rptr. 3d 800 (Ct. App. 2007). In *Garabet*, the plaintiff patient underwent lasik eye surgery performed by the defendant doctors and within weeks after the surgery began to experience a number of adverse symptoms. *Id.* at 802. The plaintiff continued to receive treatment while experiencing ongoing vision problems and did not file a complaint alleging medical malpractice until more than six years after the surgery was performed. *Id.* at 802-03. In reviewing whether the plaintiff's complaint was barred by the three-year statute of limitations, the *Garabet* court concluded that although the alleged wrongful act of performing the lasik surgery itself was not sufficient to cause the statute to run, "once there is a manifestation of the injury in some significant way, the three-year limitations period begins to accrue." *Id.* at 805. The court held that the three-year statute of limitations started running when the plaintiff began to experience adverse

symptoms after the surgery, and thus, his complaint was not timely filed. *Id.* at 809 (stating that "severe damage which does not show itself (hidden cancer, for instance) is not 'injury' until it is found by diagnosis. It does not follow, however, that damage which has clearly surfaced and is noticeable is not 'injury' until either the plaintiff or her physician recognizes it." (internal quotation marks omitted)).

We adopt the reasoning of the California courts and conclude that the Nevada Legislature tied the running of the three-year limitation period to the plaintiff's appreciable injury and not to the plaintiff's awareness of that injury's possible cause. We therefore determine that NRS 41A.097(2)'s three-year limitation period begins to run once there is an appreciable manifestation of the plaintiff's injury. We further conclude that a plaintiff need not be aware of the cause of his or her injury in order for the three-year limitations period to begin to run.

Applying this interpretation of the statute to the present case, we determine that the three-year statute of limitations for Ms. Hamilton's claim against Dr. Libby began to run in August 2006 when tests showed that the MRSA infection had persisted despite the May 2006 surgical intervention. Because the purpose of the May 2006 surgery was to fight the MRSA infection, the persistence of that infection three months later was an appreciable and significant manifestation of Ms. Hamilton's injury, even if she was not aware of the cause of the continued MRSA infection. Ms. Hamilton's April 14, 2010, complaint was filed more than three years from the date of her injury, and thus, the district court erred in denying Dr. Libby's motion for summary judgment because no genuine issues of material fact remain as to whether Ms. Hamilton's claims are barred by

 

NRS 41A.097(2)'s commencement limitations.[3] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005); *Day v. Zubel*, 112 Nev. 972, 977, 922 P.2d 536, 539 (1996) (stating that "[t]he appropriate accrual date for the statute of limitations is a question of law only if the facts are uncontroverted").

*NRS 41A.097(3) did not toll the time for Ms. Hamilton to file her complaint*

Ms. Hamilton argues that even if we conclude that her complaint was filed beyond NRS 41A.097(2)'s three-year limitation period, the time to bring her claim was tolled under NRS 41A.097(3) based on Dr. Libby's concealment of the suture material remaining in her knee after the May 2006 surgery. NRS 41A.097(3) provides that the limitation period to bring a claim against a health care provider is "tolled for any period during which the provider of health care has concealed any act, error or omission upon which the action is based and which is known or through the use of reasonable diligence should have been known to the provider of health care." We have previously determined that NRS 41A.097(3)'s tolling provision applies only when there has been an *intentional act* that objectively hindered a reasonably diligent plaintiff from timely filing suit. *Winn*, 128 Nev. at ___, 277 P.3d at 464.

Ms. Hamilton does not point to any evidence that Dr. Libby concealed anything from her. She argues only that Dr. Libby "should have known" that he left the sutures in her knee, but does not allege that Dr. Libby performed any *intentional act* that hindered her from learning about

---

[3]Because we conclude that Ms. Hamilton's claims against Dr. Libby are barred by NRS 41A.097(2)'s three-year limitation period, we need not address Dr. Libby's argument that Ms. Hamilton's claims are barred by the one-year limitation period.

the sutures. We therefore conclude that Ms. Hamilton has failed to satisfy *Winn*'s requirement that a plaintiff must prove that there was an *intentional* act of concealment by the health care provider, and thus, has not shown that there are any genuine issues of material fact remaining as to whether NRS 41A.097(3)'s tolling provision applied to toll the statute of limitation for her claim.[4]

In addition, Ms. Hamilton argues that because NRS 41A.097 was modeled after California's medical malpractice statute of limitations, the foreign-body tolling rule in California's statute should be applied to NRS 41A.097. Unlike NRS 41A.097, however, California's statute setting forth the statute of limitations for medical malpractice claims specifically enumerates "the presence of a foreign body" as a circumstance under which the three-year limitation period will be tolled. Cal. Civ. Proc. Code § 340.5 (West 2006). Because the Nevada Legislature has not codified a tolling provision similar to the "foreign body" exception in California's statute, we reject Ms. Hamilton's argument that California's codified foreign-body tolling exception should apply to her claim as we cannot read the language from California's foreign-body tolling rule into NRS 41A.097.

---

[4]Ms. Hamilton argues that NRS 41A.097(3)'s tolling provision is "affected by the provisions of NRS 41A.100[(1)](a)," which creates a rebuttable presumption of negligence when a foreign substance was unintentionally left in the patient's body following surgery. But Ms. Hamilton does not provide any explanation as to how NRS 41A.100 applies to NRS 41A.097(3)'s tolling provision, and we therefore do not address this argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (declining to consider issues that are not cogently argued or supported by relevant authority).

## CONCLUSION

Looking at the plain language of NRS 41A.097(2), we determine that the three-year limitation period to bring actions for injury or death against health care providers begins to run once there is injury from which appreciable harm manifests. We further conclude that a plaintiff need not be aware of the cause of his or her injury in order for the three-year limitation period to begin to run. Thus, because Ms. Hamilton's claims were filed more than three years from the date when tests showed her MRSA infection persisted despite Dr. Libby's surgical intervention, and she has not shown that the statute of limitations was tolled under NRS 41A.097(3), we determine that the district court was required to grant summary judgment in Dr. Libby's favor and dismiss Ms. Hamilton's complaint.

We therefore grant the petition and direct the clerk of this court to issue a writ of mandamus directing the district court to grant Dr. Libby's motion for summary judgment and dismiss Ms. Hamilton's April 14, 2010, complaint.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                    Hardesty

_____, J.          _____, J.
Parraguirre                  Douglas

_____, J.          _____, J.
Cherry                       Saitta

Supreme Court
OF
Nevada

(O) 1947A