# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA WILDLIFE ALLIANCE, A NON-PROFIT CORPORATION; MARK E. SMITH FOUNDATION, A NON-PROFIT CORPORATION; MARK SMITH, AN INDIVIDUAL; AND DONALD A. MOLDE, AN INDIVIDUAL, Appellants,

vs.

STATE OF NEVADA DEPARTMENT OF WILDLIFE ("NDOW"); STATE OF NEVADA BOARD OF WILDLIFE COMMISSIONERS; AND TONY WASLEY, IN HIS OFFICIAL CAPACITY AS DIRECTOR OF NDOW, Respondents.

No. 82356

FILED

OCT 22 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a partial cross-motion for summary judgment and motion for summary judgment on remaining claims in an action challenging the constitutionality of NRS 502.253(4)(b). Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

> NRS 502.253(4)(b) provides that the Department of Wildlife
>
> [s]hall not adopt any program for the management and control of predatory wildlife developed pursuant to this section that provides for the expenditure of less than 80 percent of the amount of money collected pursuant to subsection 1 . . . for the purposes of lethal management and control of predatory wildlife.

NRS 502.253(4)(b). Appellants assert that the statute, which obligates the Department to dedicate a minimum percentage of funds collected to the

21-30506

lethal management and control of predatory wildlife, violates Nevada's equal protection and due process clauses. These questions are subject to de novo review. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that a grant of summary judgment is reviewed de novo); *Silvar v. District Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006) (finding that "the constitutionality of a statute is a question of law" reviewed de novo).

At the outset, we assume, without deciding, that the statute implicates equal protection analysis because it has a disparate impact on "similarly situated" people—specifically those like appellants, who enjoy viewing predatory wildlife, and big-game hunters.[1] *See Rico v. Rodriguez*, 121 Nev. 695, 703, 120 P.3d 812, 817 (2005) (noting that a threshold question is whether a challenged statute treats "similarly situated" people differently); *Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 521–22, 217 P.3d 546, 559 (2009) (examining whether businesses with a "restricted gaming license" are similarly situated to businesses with an "unrestricted gaming license"); *In re Gary W.*, 486 P.2d 1201, 1207 (Cal. 1971) ("The concept of the equal protection of the laws compels recognition of the proposition that persons similarly situated with respect to the legitimate purpose of the law receive like treatment.") (quoting *Purdy & Fitzpatrick v. State*, 456 P.2d 645, 653 (Cal. 1969)).

Applying equal protection analysis, the next question is whether the challenged statute burdens a fundamental interest in a

---

[1]Though the district court held otherwise, finding that appellants' class is not similarly situated to hunters as a class, we will uphold a district court decision that reaches the right result, even if for different reasons. *See Saavedra-Sandoval v. Wal-Mart Stores*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010).

discriminatory way; if so, the statute is subject to strict judicial scrutiny. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17 (1973). In this case, the statute does not burden a fundamental interest because the interest appellants assert—viewing and enjoying wildlife—is not "explicitly or implicitly guaranteed by the Constitution." *Id.* at 33 (defining fundamental interest); *see also State Farm Fire & Cas. Co. v. All Elec., Inc.*, 99 Nev. 222, 224–25, 660 P.2d 995, 997 (1983), *disapproved of on other grounds by Wise v. Bechtel Corp.*, 104 Nev. 750, 766 P.2d 1317 (1988) ("[T]he standard for testing . . . legislation under the equal protection clause of the state constitution is the same as the federal standard."). Though appellants argue that a fundamental interest should extend from the inalienable rights guarantee of the Nevada Constitution, Nev. Const. art. 1, § 1 (providing that Nevada persons have "certain inalienable rights among which are those of enjoying and defending life and liberty; Acquiring, Possessing and Protecting property and pursuing and obtaining safety and happiness"), appellants do not provide support for extending this clause to the right to view wildlife that they assert. Appellants have not argued that the statute burdens the "traditionally recognized core of the right" to pursue happiness, or impinges on any other principled limitation on that right. Eugene Volokh, *State Constitutional Rights of Self-Defense and Defense of Property*, 11 Tex. Rev. L. & Pol. 399, 412–14 & n.53 (2007) (observing that the right to pursue happiness or safety has generally been considered a principle "with no fixed legal meaning"); *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that it is appellant's duty to cogently argue and present relevant authority); Joseph R. Grodin, *Rediscovering the State Constitutional Right to Happiness and Safety*, 25 Hastings Const. L.Q. 1, 27 (1997) ("If the happiness and safety

clauses are to have any independent significance as restraints upon governmental action, we will need to view them as denoting a more limited area of human activity. . . .").

Appellants have not argued that intermediate scrutiny applies, and because appellants have not demonstrated that NRS 502.253(4)(b) burdens a fundamental interest in a discriminatory way, their equal protection challenge receives rational basis review, which asks whether the challenged classification is "rationally related to a legitimate governmental interest." *Williams v. State*, 118 Nev. 536, 542, 50 P.3d 1116, 1120 (2002); *Gaines v. State*, 116 Nev. 359, 371, 998 P.2d 166, 173 (2000). Here, there are rational bases for the statute—such as the Legislature's belief that predator control will support animals in need of conservation by allowing them to respond more quickly to favorable habitat conditions—and that is all that is required. *See* NRS 501.100(2) (declaring the importance of preserving and protecting Nevada wildlife); *Armour v. City of Indianapolis*, 566 U.S. 673, 685 (2012) ("[T]he Constitution does not require the [State] to draw the perfect line nor even to draw a line superior to some other line it might have drawn. It requires only that the line actually drawn be a rational line."). Further, while appellants urge that, under state constitutional doctrine, there must be a basis in fact for a statute's asserted rational basis, that proposition is at odds with both the Supreme Court's and this court's long-standing formulation of the rational basis standard. *See, e.g.*, *McDonald v. Bd. of Election Comm'rs of Chicago*, 394 U.S. 802, 809 (1969) ("[S]tatutory classifications will be set aside only if no grounds can be conceived to justify them."); *Doe v. State ex rel. Legislature of 77th Session*, 133 Nev. 763, 768, 406 P.3d 482, 486 (2017) ("The State need not 'produce evidence to sustain the rationality of a statutory classification,'

rather, '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.") (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).

Alternatively, appellants argue that NRS 502.253(4)(b) burdens their fundamental right to view wildlife, specifically predatory wildlife, which they assert is a right that falls within Nevada's guarantee of substantive due process. The Due Process Clause "protects those fundamental rights and liberties which are, objectively, 'deeply rooted in this Nation's history and tradition.'" *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997) (quoting *Moore v. City of E. Cleveland*, 431 U.S. 494, 503 (1977) (plurality opinion)); *see also Obergefell v. Hodges*, 576 U.S. 644, 663 (2015) (observing that "these liberties extend to certain personal choices central to individual dignity and autonomy"). Because the language of the U.S. and Nevada due process clauses are almost identical, *compare* U.S. Const. amend. XIV, § 1, *with* Nev. Const. art. 1, § 8, Nevada has "consistently relied upon the Supreme Court's holdings interpreting the federal Due Process Clause." *State v. Dist. Court (Logan D.)*, 129 Nev. 492, 504, 306 P.3d 369, 377 (2013). Appellants assert they have a fundamental right to view and enjoy predatory wildlife, but they fail to explain how this right is rooted in the country's or state's history and tradition, or the text of either constitution. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38. Their other arguments for why this right is fundamental are similarly unavailing, as explained above.

In sum, the statute withstands rational basis review, and respondents were entitled to summary judgment.

Accordingly, we

ORDER the district court's judgment AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Kathleen M. Drakulich, District Judge
Jeffrey A. Dickerson
Attorney General/Carson City
Washoe District Court Clerk