**130 Nev., Advance Opinion 88**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
COMMUNITY BANK OF NEVADA,
Appellant,
vs.
JAMES M. RHODES,
Respondent.

No. 59309



FILED

OCT 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a deficiency judgment action as time barred. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

*Affirmed in part, reversed in part, and remanded.*

Smith Larsen & Wixom and Michael B. Wixom and Katie M. Weber, Las Vegas,
for Appellants.

Santoro Whitmire and Nicholas J. Santoro and Jason D. Smith, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, SAITTA, J.:

Under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), appellant Federal Deposit Insurance

Corporation (the FDIC) acts as a "conservator or receiver" for failed financial institutions. 12 U.S.C. § 1821(d)(2)(A) (2012). FIRREA extends the time period for the FDIC, in its capacity as the failed institution's conservator or receiver, to bring a contract claim that has otherwise been barred by a state statutory time limitation:

> [T]he applicable statute of limitations with regard to any action brought by [the FDIC] as conservator or receiver shall be—
>
>> (i) in the case of any contract claim, the longer of—
>>
>>> (I) the 6-year period beginning on the date the claim accrues; or
>>>
>>> (II) the period applicable under State law.

12 U.S.C. § 1821(d)(14)(A) (2012) (hereinafter the FDIC extender statute). This statute has been applied to govern the timeliness of the deficiency judgment suits that are brought by the FDIC. *See, e.g.*, *Cadle Co. v. 1007 Joint Venture*, 82 F.3d 102, 104 (5th Cir. 1996) (in the context of a deficiency judgment suit, indicating that the FDIC extender statute governs the timeliness of "a suit by the FDIC to collect on a note"); *Twenty First Century Recovery, Ltd. v. Mase*, 665 N.E.2d 573, 576-78 (Ill. App. Ct. 1996) (concluding that the FDIC extender statute governed the timeliness of an action for a deficiency judgment); *Trunkhill Capital, Inc. v. Jansma*, 905 S.W.2d 464, 465-68 (Tex. App. 1995) (concluding that the FDIC extender statute governed an action for a deficiency judgment). However, Nevada provides for a shorter six-month time limitation for deficiency judgment actions under NRS 40.455(1), which states that

> upon application of the judgment creditor or the beneficiary of the deed of trust within 6 months after the date of the foreclosure sale or the

trustee's sale held pursuant to NRS 107.080, respectively, and after the required hearing, the court shall award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust. . . .

Here, the FDIC filed its claim for a deficiency judgment after NRS 40.455(1)'s six-month deadline but within the FDIC extender statute's six-year time limitation. The district court dismissed the FDIC's deficiency judgment claim as untimely. It concluded that the FDIC needed but failed to meet NRS 40.455(1)'s deadline regardless of the FDIC extender statute.

In this matter, we address whether the FDIC extender statute preempts NRS 40.455(1)'s six-month time limitation. We conclude that it does. The plain meaning of the FDIC extender statute clearly and manifestly mandates that its six-year time limitation governs the timeliness of the FDIC's deficiency-judgment action if that time limitation is longer than "the period applicable under State law." 12 U.S.C. § 1821(d)(14)(A) (2012). Thus, the FDIC extender statute expressly preempts NRS 40.455(1)—the period applicable under Nevada law— regardless of whether the state statute is a statute of limitations or repose. Therefore, because the FDIC filed its deficiency judgment action within the FDIC extender statute's six-year time limitation, the district court erred in dismissing the FDIC's deficiency-judgment action as untimely.

## FACTS AND PROCEDURAL HISTORY

In 2005, under a promissory note secured by a deed of trust, Community Bank of Nevada loaned $2,625,000 to Tropicana Durango Ltd., of which respondent James M. Rhodes was a general partner. The deed of trust encumbered a piece of Tropicana Durango's real property for the benefit of Community Bank. Additionally, Rhodes executed a

guarantee agreement, under which he guaranteed the repayment of Tropicana Durango's debt to Community Bank.

In August 2009, the Nevada Financial Institutions Division closed and took possession of Community Bank and appointed the FDIC as "receiver/liquidator" for Community Bank. At this time, Tropicana Durango was in default on its 2005 loan. In November 2009, the FDIC recorded a "Notice of Default and Election to Sell," and a trustee's sale was held for the real property that was secured by the deed of trust. The FDIC purchased the real property with a credit bid of $750,000.

In February 2011, after six months but within six years of the trustee's sale, the FDIC filed a suit for a deficiency judgment against Rhodes to recover the money still owed on the 2005 loan after the trustee's sale. In so doing, it contended that its deficiency judgment action was timely because the FDIC extender statute permitted it to bring the action within six years of the date on which it could first bring its deficiency judgment claim, which was the date of the trustee's sale. *See Sandpointe Apartments, L.L.C. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 313 P.3d 849, 856 (2013) ("The trustee's sale marks the first point in time that an action for deficiency can be maintained . . . .").

Rhodes filed a motion to dismiss, asserting that NRS 40.455(1) was a statute of repose and that its six-month time limitation for deficiency judgments, which started from the date of the trustee's sale, barred the FDIC's complaint that was filed beyond that time period. In so asserting, Rhodes primarily relied on *Resolution Trust Corp. v. Olson*, 768 F. Supp. 283, 285-86 (D. Ariz. 1991), which provided that a statute like the FDIC extender statute could not elongate the time to file an action that was otherwise barred by a state statute of repose.

The district court granted Rhodes' motion and dismissed the FDIC's complaint in its entirety. In so doing, it concluded that "the 6 month period after the date of the foreclosure sale or the trustee's sale to bring an application for a deficiency judgment under NRS 40.455 is a substantive statute of repose" with which the FDIC needed but failed to comply. This appeal followed.

## DISCUSSION

The FDIC argues that the district court erred in dismissing its claim for a deficiency judgment, contending that the FDIC extender statute preempts NRS 40.455(1), regardless of whether the latter is a statute of limitations or repose. In addition, the FDIC specifically contests Rhodes' reliance on *Olson* for his motion to dismiss the deficiency judgment claim, asserting that the *Olson* court erroneously interpreted other authorities for the conclusion that federal statutes cannot control over state statutes of repose.

Rhodes responds that the district court did not err in determining that NRS 40.455(1) was a statute of repose that barred the FDIC's complaint. As to the FDIC's preemption arguments, Rhodes argues that the FDIC waived these arguments because it did not assert them before the district court. In the alternative, he contends that if the preemption issue was not waived, NRS 40.455(1) is a statute of repose that is not preempted by the FDIC extender statute because the latter's statutory language only mentions a statute of limitations and not a statute of repose. Regarding *Olson*, Rhodes asserts that the *Olson* court correctly concluded that a federal agency must comply with state statutes that create substantive conditions for an action under state law. Accordingly, Rhodes maintains that NRS 40.455(1)'s six-month time

limitation is a condition precedent for a deficiency judgment action and, as a result, it is a statute of repose that imposes a substantive time limitation that the FDIC failed to meet.

The parties raise issues that concern the preemption doctrine and the meaning of a federal statute and a state statute. Thus, de novo review governs our analysis and resolution of the issues that are before us. *See Nanopierce Techs., Inc. v. Depository Trust & Clearing Corp.*, 123 Nev. 362, 370, 168 P.3d 73, 79 (2007) (providing that whether a federal statute preempts a state statute is a question of law that is reviewed de novo); *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006) (providing that de novo review applies to statutory interpretation issues).

*The parties' arguments inherently concern preemption*

In arguing that the issue of preemption was waived, Rhodes correctly notes that we generally do not address arguments that are made for the first time on appeal and which were not asserted before the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). But we disagree with Rhodes' contention that the preemption issue was not raised below.

As they did before the district court, the parties on appeal dispute whether the timeliness of the FDIC's deficiency judgment action is governed by NRS 40.455(1) or the FDIC extender statute. The issue of whether an action is governed by a state statutory time limitation or federal statutory time limitation is inherently a matter that concerns the preemption doctrine. *See, e.g., Waldburger v. CTS Corp.*, 723 F.3d 434, 438, 442-44 (4th Cir. 2013) (employing the preemption doctrine to resolve a conflict between a federal statutory time limitation and a state statute of

repose), *rev'd on other grounds*, 573 U.S. ___, 134 S. Ct. 2175 (2014); *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 966 F. Supp. 2d 1018, 1024-30 (C.D. Cal. 2013) (doing the same with respect to the FDIC extender statute and a state statute of repose). Although neither party explicitly invoked the preemption doctrine before the district court, their arguments concerned a potential conflict between a federal statute and state statute and thus implicated the doctrine. Moreover, in contesting Rhodes' motion to dismiss its complaint, the FDIC cited to two authorities that concerned the preemption doctrine for its contention that the FDIC extender statute governed its deficiency judgment action: *Stonehedge/Fasa-Texas JDC v. Miller*, No. 96-10037, 1997 WL 119899 (5th Cir. March 10, 1997), and *WRH Mortgage, Inc. v. Butler*, 684 So. 2d 325 (Fla. Dist. Ct. App. 1996).

Although the FDIC more explicitly raises the preemption doctrine on appeal than it did before the district court, its arguments on appeal are primarily the same as those that it asserted in contesting Rhodes' motion. Before the district court, it contended that the FDIC extender statute displaced NRS 40.455(1). On appeal it argues the same, but it does so by explicitly raising the preemption doctrine.

Whereas the district court's order did not mention the preemption doctrine, the substance therein concerns the doctrine. In its order, the district court concluded that NRS 40.455(1) was a statute of repose that barred the FDIC's action. In determining that the FDIC extender statute did not override NRS 40.455(1), the district court implied that the former did not preempt the latter.

Therefore, we conclude that the arguments before the district court and the district court's order innately involved the preemption

doctrine. And thus the issue of whether the FDIC extender statute preempts NRS 40.455(1) is properly before us.

*The FDIC extender statute preempts NRS 40.455(1)*

The preemption doctrine is rooted in the Supremacy Clause of the United States Constitution, which states: "[T]he Laws of the United States . . . shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI. Whether a federal law preempts a conflicting state law is a matter of congressional intent. *Nanopierce*, 123 Nev. at 370, 168 P.3d at 79. Because there is a strong presumption that federal law does not supersede state law in areas that states generally regulate, the intent to preempt state law must be "'clear and manifest.'" *Id.* at 370-71, 168 P.3d at 79 (quoting *Bates v. Dow Agrosciences L.L.C.*, 544 U.S. 431, 449 (2005)). Of the multiple types of preemption, express preemption is relevant to this appeal. Express preemption occurs when Congress explicitly conveys in its statutory language the intent to preempt state law. *Id.* at 371, 168 P.3d at 79.

Here, the FDIC extender statute expressly sets out "the applicable statute of limitations" for "any action brought by" the FDIC. 12 U.S.C. § 1821(d)(14)(A) (2012). In using the term "shall" to mandate that the "applicable statute of limitations . . . shall be . . . the longer of" six years after the FDIC's claim accrues or "the period applicable under State law," Congress barred the possibility that some other time limitation would apply to the FDIC's claim. *See id.*

In contending that the FDIC extender statute does not expressly preempt state statutes of repose, Rhodes emphasizes that the FDIC extender statute includes the phrase "statute of limitations" and

omits the phrase "statute of repose." The distinction between these two terms is often overlooked. A statute of limitations prohibits a suit after a period of time that follows the accrual of the cause of action. *Allstate Ins. Co. v. Furgerson*, 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988). Moreover, a statute of limitations can be equitably tolled. *Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490, 492 (1983) (identifying equitable tolling as an indicia of a statute of limitations). In contrast, a statute of repose bars a cause of action after a specified period of time regardless of when the cause of action was discovered or a recoverable injury occurred. *Allstate Ins. Co.*, 104 Nev. at 775 n.2, 766 P.2d at 906 n.2; *Libby v. Eighth Judicial Dist. Court*, 130 Nev. ___, ___ n.1, 325 P.3d 1276, 1280 n.1 (2014). It conditions the cause of action on filing a suit within the statutory time period and "defines the right involved in terms of the time allowed to bring suit." *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102 (2d Cir. 2004). Such a statute seeks to give a defendant peace of mind by barring delayed litigation, so as to prevent unfair surprises that result from the revival of claims that have remained dormant for a period during which the evidence vanished and memories faded. *See Underwood Cotton Co. v. Hyundai Merch. Marine (Am.), Inc.*, 288 F.3d 405, 408-09 (9th Cir. 2002) (providing that statutes of repose are concerned with a defendant's peace of mind); *Joslyn v. Chang*, 837 N.E.2d 1107, 1112 (Mass. 2005) (noting that statutes of repose prevent stale claims from springing up and surprising parties when the evidence has been lost).

Emphasizing the distinction between statutes of limitations and repose, Rhodes asserts that the FDIC extender statute's term "statute of limitations" conveys that the federal statute only contemplates the displacement of state statutes of limitations and not repose. We disagree

and find this reading of the FDIC extender statute to be unreasonable. Rhodes' reading of the FDIC extender statute appears to overlook that the statute's phrase "statute of limitations" expressly identifies the time limitation set by the FDIC extender statute itself; the phrase does not refer to the time limitations in other state statutes that the FDIC extender statute displaces. In identifying the state time limitations that are displaced by its six-year time limitation, the FDIC extender statute states that its six-year time limitation controls over the shorter *"period applicable under State law."* 12 U.S.C. § 1821(d)(14)(A) (2012) (emphasis added). Therefore, regardless of whether the "period applicable under State law" is a statute of limitations or repose, the FDIC extender statute's language expresses the intent to have the six-year time limitation preempt all other shorter state law time limitations, including NRS 40.455(1). *See* 12 U.S.C. § 1821(d)(14)(A) (2012).

As we deliberated on this appeal, the United States Supreme Court issued *CTS Corp. v. Waldburger*, 573 U.S. \_\_\_, 134 S. Ct. 2175 (2014), wherein it concluded that a federal statute that is similar, but not identical, to the FDIC extender statute does not preempt state statutes of repose. *Id.* at \_\_\_, 134 S. Ct. at 2180-89. In making its determinations, the United States Supreme Court relied on statutory language that is not present in the FDIC extender statute. *See id.* The federal statute at issue in *CTS Corp.*, 42 U.S.C. § 9658, provides a "'federally required commencement date'" for the accrual of state law environmental tort claims. *Id.* at \_\_\_, 134 S. Ct. at 2184 (quoting 42 U.S.C. § 9658(a)(1) (2012)). In particular, 42 U.S.C. § 9658 provides that the federally required commencement date applies "if the applicable limitations period for such action (as specified in the State statute of limitations or under

common law) provides a commencement date which is earlier than the federally required commencement date." 42 U.S.C. § 9658(a)(1) (2012). Additionally, the federal statute separately defines the term "applicable limitations period" as "the period specified in a statute of limitations." 42 U.S.C. § 9658(b)(2) (2012).

In *CTS Corp.*, the United States Supreme Court reasoned that it would be "awkward" for Congress to use the phrase "applicable limitations period," which conveys the preempted state time period in the singular, to preempt *both* statutes of limitations and repose, and in so reasoning it concluded that "the context" of 42 U.S.C. § 9658 reveals Congress's "intent not to cover statutes of repose." *Id.* at ___, 134 S. Ct. at 2186-87. That context was partially comprised of a congressional study group report—which preceded the federal statute and which was specific to the subject matter that the federal statute covered—that acknowledged the distinction between statutes of limitations and repose. *Id.* at ___, 134 S. Ct. at 2180-81, 2186. Additionally, the United States Supreme Court emphasized that the phrase "applicable limitations period" was statutorily defined in a way that concerned state statutes of limitations and that a statutory provision that equitably tolled the federally required commencement date indicated that Congress only intended to preempt state statutes of limitations. *Id.* at ___, 134 S. Ct. at 2187-88.

*CTS Corp.*'s analysis does not dissuade us from concluding that the FDIC extender statute preempts both statutes of limitations and repose. The FDIC extender statute is different than the federal statute that was evaluated in *CTS Corp.* Although the FDIC extender statute appears near two tolling provisions, 12 U.S.C. § 1821(d)(5)(F) and 12 U.S.C. § 1821(d)(8)(E), these tolling provisions are different from the

tolling provision that was considered in *CTS Corp.* The tolling provision in *CTS Corp.* specifically defined and delayed the "federally required commencement date," as that phrase appears in 42 U.S.C. § 9658, for certain state law actions that have earlier commencement dates under the state's applicable limitations period. 42 U.S.C. § 9658(a)(1), (b)(4)(B) (2012); *CTS Corp.*, 573 U.S. at ___, 134 S. Ct. at 2184. But 12 U.S.C. § 1821(d)(5)(F) and 12 U.S.C. § 1821(d)(8)(E) toll the "applicable statute of limitations" in the context of an administrative claims process with respect to the action of a claimant who files a "claim with the receiver." Thus, these tolling provisions are unlike the tolling language in *CTS Corp.* that expressly applied to and defined language in the federal statute that displaced a state statute of limitations. Thus, 12 U.S.C. § 1821(d)(5)(F) and 12 U.S.C. § 1821(d)(8)(E) do not indicate what Congress intended to preempt with the FDIC extender statute.

Moreover, the FDIC extender statute uses the broad phrase "period applicable under State law" to identify what is preempted. 12 U.S.C. § 1821(d)(14)(A) (2012). Unlike the similar statutory phrase in *CTS Corp.* that was defined by language that indicated Congress's intent to only preempt statutes of limitation, the FDIC extender statute's phrase "period applicable under State law" is undefined. *See id.* Although the analysis in *CTS Corp.* identified that the singular form of "applicable limitations period" was an "awkward way" to preempt statutes of limitations in the *context* of a federal statute that defined the "applicable limitations period" with language indicating the intent to preempt only a statute of limitations, 573 U.S. at ___, 134 S. Ct. at 2186-87, we conclude that in the *context* of the FDIC extender statute, the plain meaning of the broad and undefined phrase "period applicable under State law" conveys

SUPREME COURT
OF
NEVADA

(O) 1947A

12

the intent to preempt any applicable state time limitation, including state statutes of repose. *See In re Resort at Summerlin Litig.*, 122 Nev. 177, 182, 127 P.3d 1076, 1079 (2006) (providing that an undefined statutory phrase is construed based on its plain meaning); *Am. Fed'n of Gov't Emps., AFL-CIO v. Glickman*, 215 F.3d 7, 10 (D.C. Cir. 2000) (indicating that an undefined statutory term is not ipso facto ambiguous and that such terms are to be given their plain meaning); *see also* 1 U.S.C. § 1 (2012) ("[U]nless the *context* indicates otherwise[,] words importing the singular include and apply to several . . . things . . . ." (emphasis added)).

Yet on the premise that NRS 40.455(1) is a statute of repose, Rhodes contends that a federal statute cannot preempt a state statute of repose because federal agencies must comply with state statutes of repose that establish substantive conditions for a cause of action under state law. In so contending, he directs us to at least two authorities that contain arguably similar conclusions: (1) *Resolution Trust Corp. v. Olson*, 768 F. Supp. 283 (D. Ariz. 1991), and (2) *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 966 F. Supp. 2d 1018 (C.D. Cal. 2013).

The *Countrywide* court perceived a conceptual difficulty in permitting a federal statute to preempt a state statute of repose, in that a statute of repose generally "defines, limits, and even terminates the right" that is to be enforced. 966 F. Supp. 2d at 1029. According to the *Countrywide* court, when a state statute of repose lapses for a claim, the claim ceases to exist and the FDIC extender statute cannot revive it. *Id.* at 1029-30 & n.8. The *Olson* court reached the same result pursuant to a slightly different analysis. *Olson*, 768 F. Supp. at 285-86. The *Olson* court characterized a state statute of repose as being substantive in nature and

concluded that a federal agency must satisfy a state statute of repose's time limitation because it must satisfy state statutes that are substantive, rather than procedural, in nature. *Id.* Here, the district court seemed to be persuaded by Rhodes' reliance on *Olson* when it concluded that NRS 40.455(1) was a "substantive statute of repose" with which the FDIC needed to comply regardless of the FDIC extender statute.

But unlike the district court, we are not persuaded by the reasoning in *Countrywide* or *Olson*. Although we find *Countrywide's* analysis to be more persuasive than that in *Olson*, in that the former offers a more cogent analysis for its conclusions, neither case convinces us that a federal statute cannot preempt a state statute of repose. We do not agree with *Olson's* conclusion that the determination of whether a federal statute controls over a state statute is based on whether the latter is "procedural" or "substantive." *See Olson*, 768 F. Supp. at 285-86; *see also Countrywide*, 966 F. Supp. 2d at 1030 n.8 (rejecting *Olson's* analysis that focused on whether a state statute was procedural or substantive); *Butler*, 684 So. 2d at 328 (rejecting *Olson*). And in light of other authorities wherein federal statutes preempted state statutes of repose, we hesitate to adopt *Countrywide's* conclusion—which is primarily based on reasoning absent legal authority that directly addresses the issue—that a statute of repose cannot be preempted. *See Countrywide*, 966 F. Supp. 2d at 1029-30; *see also Chatham Steel Corp. v. Brown*, 858 F. Supp. 1130, 1150-52 (N.D. Fla. 1994) (concluding that a federal statute preempts state statutes of repose); *A.S.I., Inc. v. Sanders*, 835 F. Supp. 1349, 1355, 1358 (D. Kan. 1993) (applying the preemption doctrine to conclude that a federal statute preempted a state statute of repose while rejecting the argument that a statute of repose is immunized from being preempted because it is

SUPREME COURT
OF
NEVADA

(O) 1947A

14

substantive in nature); *Butler*, 684 So. 2d at 327-28 (concluding that the FDIC extender statute preempted a state statutory time limitation, regardless of whether the latter was a statute of limitations or repose); *Tow v. Pagano*, 312 S.W.3d 751, 761 (Tex. App. 2009) (concluding that a federal statute can preempt a state statute of repose, albeit with respect to a federal bankruptcy statute).

Accordingly, we need not characterize NRS 40.455(1) as a statute of limitations or repose. NRS 40.455(1) is a "period applicable under State law" that is shorter than the FDIC extender statute's six-year time limitation. 12 U.S.C. § 1821(d)(14)(A) (2012). Thus, we conclude that the FDIC extender statute's six-year time limitation expressly preempts NRS 40.455(1).

## CONCLUSION

In light of the above, we conclude that the district court erred in dismissing the FDIC's action for a deficiency judgment when it determined that NRS 40.455(1) was a statute of repose that barred the action that the FDIC filed after NRS 40.455(1)'s six-month deadline but before the expiration of the FDIC extender statute's six-year time limitation. A plain reading of the FDIC extender statute indicates that its six-year time limitation expressly preempts any shorter state statutory time limitation, including the limitation provided in NRS 40.455(1), regardless of whether the state statute is a statute of limitations or repose. Accordingly, we reverse the portion of the district court's order that dismissed the FDIC's deficiency judgment claim as time barred and remand this matter to the district court for further proceedings that are consistent with this opinion. As the FDIC failed to meaningfully dispute the determinations in the order beyond the district court's conclusion

about the timeliness of its suit for a deficiency judgment, we affirm and do not address those determinations.[1]

_____, J.
Saitta

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

---

[1]In addition to raising the preemption issue, the FDIC asserts that the district court erred in dismissing its contract-based claims beyond its deficiency judgment action. But it makes this assertion without meaningful analysis or a citation to salient authority. In the absence of a cogent argument about the dismissal of the contract-based claims, we do not address that issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (providing that we need not address an issue that is not cogently argued). Moreover, we have considered the remaining contentions on appeal and conclude that they lack merit.

GIBBONS, C.J., with whom PARRAGUIRRE and CHERRY, JJ., agree, dissenting:

*The FDIC failed to preserve its preemption argument*

I would affirm the judgment of the district court. The FDIC failed to preserve its preemption argument by failing to raise the argument before the district court. The majority concedes that the preemption doctrine argument was not explicitly raised before the district court. This court does not address arguments that are made for the first time on appeal and which are not asserted before the district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

*The FDIC extender statute does not preempt state statutes of repose*

In addition, NRS 40.455(1) is a statute of repose that bars the FDIC's action. As the majority acknowledges, statutes of repose are distinct from statutes of limitation. Statutes of repose bar a cause of action after a specified period of time regardless of when the cause of action was discovered or a recoverable injury occurred. *Allstate Ins. Co. v. Furgerson*, 104 Nev. 772, 775 n.2, 766 P.2d 904, 906 n.2 (1988). The majority concludes that the FDIC extender statute applies to both statutes of limitation and statutes of repose. I disagree.

First, when addressing what the applicable statute of limitations should be, the FDIC extender statute refers to "the period applicable under State law." 12 U.S.C. § 1821(d)(14)(A)(i)(II) (2012). As the United States Supreme Court concluded, "[using 'period' in a singular form] would be an awkward way to mandate the pre-emption of two different time periods with two different purposes." *CTS Corp. v. Waldburger*, 573 U.S. ___, ___, 134 S. Ct. 2175, 2187 (2014) (addressing whether a federal statute preempts statutes of repose applicable to state-law tort actions in certain circumstances).

SUPREME COURT
OF
NEVAOA

(O) 1947A

Second, the FDIC extender statute contains a provision that provides for tolling of the statute of limitations. 12 U.S.C. § 1821(d)(5)(F)(i) (this section, entitled "Statute of limitation tolled," states that "[f]or purposes of any applicable statute of limitations, the filing of a claim with the receiver shall constitute a commencement of an action") This "suggests that the statute's reach is limited to statutes of limitations, which traditionally have been subject to tolling." *See CTS Corp.*, 573 U.S. at ___, 134 S. Ct. at 2188.

Lastly, the FDIC extender statute extends the time period for "any action" to be brought. *Black's Law Dictionary* defines "action" as a "civil or criminal judicial proceeding." *Black's Law Dictionary* 31 (8th ed. 2004). Similar to the United States Supreme Court's analysis of "civil action" in *CTS Corp.*, the use of the term "action" presupposes that a cause of action exists. *CTS Corp.*, 573 U.S. at ___, 134 S. Ct. at 2187. While "in a literal sense a statute of repose limits the time during which a suit 'may be brought' because it provides a point after which a suit cannot be brought," statutes of repose are not related to the existence of any cause of action. *Id.* ("A statute of repose . . . may preclude an alleged tortfeasor's liability before a plaintiff is entitled to sue, before an actionable harm ever occurs.") Thus, the FDIC extender statute is best interpreted to reference only statutes of limitations, which generally begins to run after a cause of action accrues. *Id.*

The majority concludes that the federal statute at issue in *CTS Corp.* is sufficiently different from the FDIC extender statute and that a departure from the Court's holding in that case is warranted. However, both federal statutes use the term "period" in a singular form when addressing which limitation period is covered; both federal statutes

provide for tolling of statutes of limitation; and both federal statutes address the time limit for when an "action" may be brought. Moreover, "when the text of a pre-emption clause is susceptible of more than one plausible reading, courts ordinarily accept the reading that disfavors pre-emption." *CTS Corp.*, 573 U.S. at ___, 134 S. Ct. at 2188 (quotations omitted). As such, I agree with the conclusion of the federal district court in the case of *In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*, 966 F. Supp. 2d 1018, 1024-30 (C.D. Cal. 2013), that the federal extender statute does not preempt state statutes of repose. As a consequence, the district court correctly concluded that the deficiency action initiated by the FDIC was time-barred.

_____, C.J.
Gibbons

We concur:

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

3